# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BARTON CICERO, on behalf of himself and others similarly situated,

    Plaintiff,

      v.

SEGWAY Inc., a Delaware corporation,

    Defendant.

Case No. 1:25-cv-00369-GBW

## SEGWAY INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY ALL DEADLINES AND PROCEEDINGS

Alessandra Glorioso (DE Bar No. 5757)
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone: (302) 425-7171
Fax: (302) 425-7177
Email: glorioso.alessandra@dorsey.com

Adam C. Buck (pro hac vice)
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
Telephone: 901-933-7360
Email: buck.adam@dorsey.com

Kirk Schuler (pro hac vice)
801 Grand Avenue, Suite 4100
Des Moines, IA 50309
Telephone: (515) 697-3622
Email: schuler.kirk@dorsey.com

Anna Boyle (pro hac vice)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 492-6639
Email: boyle.anna@dorsey.com

*Attorneys for Defendant Segway Inc.*

## **TABLE OF CONTENTS**

I.    SUMMARY ............................................................................................................. 1

II.    ARGUMENT ......................................................................................................... 2

A.   The Arbitration Agreement is Enforceable Under Delaware Law. .......................... 3

B.   The Arbitration Agreement is Enforceable Under Massachusetts law. ................... 4

   i.    Segway Provided Sufficient Notice of the Arbitration Agreement. ...................... 5

   ii.    Assent is Present, Particularly Considering the "Opt-Out." ................................ 7

III.    CONCLUSION ...................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-A Equip. Co. v. Icode, Inc.*,
2003 Mass. App. Div. 30 (Mass. Ct. App. 2003) ...................................................2, 4

*Archer v. Grubhub, Inc.*,
190 N.E.3d 1024 (Mass. 2022) ..........................................................................5, 6

*Bell Helicopter Textron, Inc. v. Arteaga*,
113 A.3d 1045 (Del. 2015) ......................................................................................3

*Bischoff v. DirecTV, Inc.*,
180 F. Supp. 2d 1097 (C.D. Cal. 2002) ..................................................................5

*Doe v. Morgan Stanley & Co., LLC*
2024 U.S. Dist. LEXIS 139169 (D. Mass. Aug. 6, 2024)........................................6

*Gonneville v. Lens.Com, LLC*,
2025 U.S. Dist. LEXIS 46574 (D. Mass. Mar. 10, 2025)....................................6, 7

*Good v. Uber Technologies, Inc.*,
234 N.E.3d 262 (Del. 2024)..................................................................................4, 6

*James v. Global Tel\*Link Corp.*,
852 F.3d 262 (3d Cir. 2017)....................................................................................8

*Marban v. Holiday Station Stores, LLC*,
2025 U.S. Dist. LEXIS 97511 (D. Minn. May 22, 2025)........................................1

*Meridian Project Sys. v. Hardin Constr. Co., L.L.C.*,
426 F. Supp. 2d 1101 (2006) ..................................................................................5

*Micro Focus (US), Inc. v. Ins. Servs. Office, Inc.*,
2021 U.S. Dist. LEXIS 168853 (D. Del. Sept. 7, 2021)..........................................3

*Miller v. Cotter*,
448 Mass. 671 (Mass. 2007)....................................................................................2

*Noble v. Samsung Elecs. Am., Inc.*,
682 Fed. Appx. 113 (3d Cir. 2017)..........................................................................8

*Novell, Inc. v. Unicom Sales, Inc.*,
2004 U.S. Dist. LEXIS 16861 (N.D. Cal. Aug. 17, 2004)......................................5

*Payne v. Samsung Elecs. Am., Inc.*,
2024 Del. Super. LEXIS 114 (Del. Super. 2024) ...........................................................2, 3, 4

*Polaroid Corp. v. Rollins Envt. Servs.*,
624 N.E.2d 959 (Mass. 1993) ...................................................................................................9

*Rzewuski, et al. v. Segway*,
C.A. No. 25-cv-00463-GBW ...................................................................................................1

*Sabu, et al. v. Segway*,
C.A. No. 25-cv-00394-GBW ...................................................................................................1

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Lit.*,
298 F. Supp. 3d 1285 (N.D. Cal. 2018) ..................................................................................3

*Schirmer v. Principal Life Ins. Co.*,
2008 U.S. Dist. LEXIS 101646 (E.D. Penn. Oct. 29, 2008)..................................................3

*Schnabel v. Trilegient Corp.*,
697 F.3d 110 (2d Cir. 2012)................................................................................................2, 9

*Step-Saver Data Systems. Inc. v. Wyse Technology*,
939 F.2d 91 (3d Cir. 1991).......................................................................................................5

*Vincent v. Nat'l Debt Relief LLC*,
2024 U.S. Dist. LEXIS 119512 (S.D.N.Y. July 8, 2024) ........................................................9

**Statutes**

U.C.C. § 2-207 ...............................................................................................................................5

**Other Authorities**

Fed. R. Evid. 802 ...........................................................................................................................1

## I.    SUMMARY

In spite of seeking to represent a nationwide class, Plaintiff relies on alleged circuit splits, differences in various state laws, and individual factual circumstances to oppose Segway's Motion to Compel Arbitration (hereafter "Motion") (D.I. 15). Plaintiff's counsel has also filed the exact same motion in three separate cases involving five individual plaintiffs who reside in four different states. In doing so, Plaintiff commingles plaintiff-specific facts and choice of law issues, failing to clearly delineate contract formation standards applicable to a given plaintiff. Confronted with this messy strategy, Segway's reply is tailored to specific issues in this case—namely, whether Plaintiff Cicero entered into an enforceable Arbitration Agreement.[1] Class issues will be saved for later. Nevertheless, Segway incorporates its reply memorandums in *Rzewuski, et al. v. Segway*, C.A. No. 25-cv-00463-GBW, and *Sabu, et al. v. Segway*, C.A. No. 25-cv-00394-GBW, as if stated herein.

As explained in those replies and here, Plaintiff's argument that the Arbitration Agreement is unenforceable misses the mark. For example, although Plaintiff claims he does not recall seeing the Limited Warranty and its Arbitration Agreement, "[t]he fact that Plaintiff may not have read or fails to recall the terms of the Agreement is not enough to avoid being bound by its terms." *See Marban v. Holiday Station Stores, LLC*, 2025 U.S. Dist. LEXIS 97511, at *8 (D. Minn. May 22, 2025). Indeed, "a party's failure to read or understand a contract provision does not free him from

---

[1] Plaintiff sets forth a lengthy background section that relies extensively on allegations and argument from their counsel, Yeremy Krivoshey. *See* Pl.'s Opp. at 1-9 (D.I. 19); Krivoshey Decl. (D.I. 20). Aside from making himself a witness, counsel's declaration is of little value. Counsel claims to have watched YouTube, and on that basis, purportedly is prepared to testify concerning "facts" pertinent to the case. Krivoshey Decl. ¶¶ 1-2. Indeed, although the present Motion concerns whether *Plaintiff* musts arbitrate pursuant to an Arbitration Agreement packaged within his own G30P KickScooter box, Plaintiff's arguments focus extensively on the Krivoshey declaration and its more than 10 pages of argument and innuendo concerning conclusions that counsel, not Plaintiff, has reached about parties not even before the Court. This is nothing other than objectionable hearsay which should not be considered by the Court. *See* Fed. R. Evid. 802.

its obligations." *Miller v. Cotter*, 448 Mass. 671, 680 (Mass. 2007); *Payne v. Samsung Elecs. Am., Inc.*, 2024 Del. Super. LEXIS 114, at *14 (Del. Super. 2024) ("Once there is reasonable notice, a party is bound by those terms, even if he failed to read them." (simplified)).

Additionally, Plaintiff contends that the location of the Arbitration Agreement notice on the exterior of the G30P box demonstrates that the Agreement is not enforceable. Yet external notice is not required for an in-the-box agreement to be enforceable. *See Schnabel v. Trilegient Corp.*, 697 F.3d 110, 121-122 (2d Cir. 2012) ("Whether or not there is notice to the consumer on the outside of the packaging that terms await him or her on the inside, courts have found such [agreements] to become enforceable contracts upon the customer's purchase and receipt of the package . . . ."). And there is no question that potentially applicable law supports enforcement of an in-the-box agreement. *See 1-A Equip. Co. v. Icode, Inc.*, 2003 Mass. App. Div. 30, 32 (Mass. Ct. App. 2003) (expressly "adopt[ing] the rationale of" *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996), *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147 (7th Cir. 1997), and *Brower v. Gateway 2000, Inc.*, 246 A.D.2d 246 (N.Y. 1998)); *Payne*, 2024 Del. Super. LEXIS 114, at *17.

Thus, as discussed below, the Court should grant Segway's Motion because Plaintiff received notice of the Arbitration Agreement on-the-box, received copies of the Arbitration Agreement in-the-box, and had ample opportunity to review the terms and to opt-out. Under these circumstances, Plaintiff is deemed to have consented under any applicable law and the Court should order arbitration.

## II.    ARGUMENT

In opposition to Segway's Motion, Plaintiff has filed a response that is limited to one issue—whether the Arbitration Agreement is enforceable. It is. Although Plaintiff alleges a four-part test must be met, Plaintiff's claims are based on an amalgamation of case law without citation

to binding authority.[2]  Plaintiff further contends that Massachusetts law applies in this case, and under which, "no contract was formed."  *See* Pl.s' Opp. at 12 (D.I. 19).  Not only is Delaware law the appropriate law to apply,[3] but even under Massachusetts law, the Agreement is enforceable.

### A.      The Arbitration Agreement is Enforceable Under Delaware Law.

As set forth in Segway's opening brief, which is incorporated here, under Delaware law, a contract to arbitrate was formed. Segway provided reasonably conspicuous notice. *See Payne*, 2024 Del. Super. LEXIS 114, at *17 (determining the plaintiff was on inquiry notice of the arbitration agreement because it was contained within a "Terms & Conditions" booklet located inside the product's box). And "[u]nder Delaware law, a contract comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances that the parties intended to be bound by their agreement on all essential terms." *Micro Focus (US), Inc. v. Ins. Servs. Office, Inc.*, 2021 U.S. Dist. LEXIS 168853, at *7 (D.

---

[2] Without any true citation to governing authority, Plaintiff contends that an enforceable shrinkwrap agreement requires (1) conspicuous notice, (2) information concerning "bilateral terms," (3) notice concerning "what conduct constitutes acceptance," and (4) an opportunity to return the product. Pl.s' Opp. at 13 (D.I. 19). Plaintiff's "elements" are not always accurate, as will be explained throughout Segway's reply.

[3] Plaintiff cites a Northern District of California case for the proposition that parties typically "agree that the law of each Plaintiff's home state controls." Pl.'s Opp. at 12 (D.I. 23). Plaintiffs have misrepresented the holding of the case cited, which merely recounted what the parties agreed to in that case. *See In re Samsung Galaxy Smartphone Mktg. & Sales Practices Lit.*, 298 F. Supp. 3d 1285, 1289 (N.D. Cal. 2018). Regardless, "[w]hen engaging in a conflict of laws analysis, Federal District Courts apply the conflict-of-law rules of the forum state to determine which state's substantive law applies." *Schirmer v. Principal Life Ins. Co.*, 2008 U.S. Dist. LEXIS 101646, at *15 (E.D. Penn. Oct. 29, 2008). Plaintiff did not even perform this analysis, and in Delaware, courts apply the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws. *Bell Helicopter Textron, Inc. v. Arteaga*, 113 A.3d 1045, 1050 (Del. 2015). Courts consider "four contacts" that are "evaluated according to their relative importance with respect to the particular issue," which include the place of injury, the place where the conduct causing the injury occurred, the domicil, residence, place of incorporation, and place of business of the parties and the place where the relationship between the parties is centered. *Id.* Here, Delaware law likely applies, inasmuch as Segway is incorporated in Delaware and this is where the relationship between the parties is centered. Regardless, even applying some other jurisdiction's laws reaches the same result – an enforceable arbitration agreement exists between the parties.

Del. Sept. 7, 2021). Segway provided on-the-box and in-the-box notice of the Arbitration Agreement under circumstances demonstrating assent. A sticker on the outside of the G30P KickScooter box states, "NINEBOT EKICKSCOOTER Max G30P LIMITED WARRANTY AND ARBITRATION AGREEMENT SHALL APPLY AVAILABLE AT: https://www.segway.com/max-warranty/." Zhao Decl. ¶ 11 (D.I. 17). The Limited Warranty containing the Arbitration Agreement is available at that website. *Id.* at ¶¶ 11-12 and Ex. 1. Then, inside the box, a consumer is greeted by a packet of materials that must be opened to assemble the KickScooter. *Id.* at ¶¶ 13-14. The Limited Warranty with the Arbitration Agreement is inside the packet. *Id*. at ¶ 13. The only emphasized text on the first page of the Limited Warranty includes, "THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS," thereby emphasizing the legal and contractual nature of the terms therein. *Id.* at Ex. 1. The Limited Warranty is only nine pages long for consumers in America, and the Arbitration Agreement is found on pages six through nine, thereby occupying nearly half of the pages. *Id.* Plaintiff had the opportunity to "opt-out" of the Agreement, but instead, did not and kept his KickScooter for years, demonstrating assent as further discussed below. Under Delaware law, this is all that is required to demonstrate a binding and enforceable contract to arbitrate. *See Payne*, 2024 Del. Super. LEXIS 114, at *7.

## B.    The Arbitration Agreement is Enforceable Under Massachusetts law.

In-the-box contracts are also enforceable under Massachusetts law. In fact, under Massachusetts law, a "nonnegotiable standard form contract" can be formed through "notice of the terms" and "a reasonable manifestation of assent." *Good v. Uber Technologies, Inc.*, 234 N.E.3d 262, 274 (Del. 2024). Massachusetts has wholly subscribed to the view that in-the-box contracts are enforceable. *See* 1-*A Equip. Co.*, 2003 Mass. App. Div. at 32. As explained by the *Brower* case which Massachusetts has adopted, "the concept of 'payment preceding the revelation of full terms' is particularly common in certain industries . . . ." and may be enforced. 246 A.D.2d at 251.

4

Similarly, Massachusetts has adopted the logic of the oft-cited *Hill v. Gateway 2000* and *ProCD* cases,[4] which make clear that these cases are "about the law of contract," with "[p]ayment preceding the revelation of full terms [being] common for . . . many other endeavors. Practical considerations support allowing vendors to enclose the full legal terms with their products." 105 F.3d at 1148-49 (analyzing general contract principles, discussing *ProCD*, and explaining that in-the-box agreements are generally enforceable).

Thus, contrary to Plaintiff's claims, the in-the-box Arbitration Agreement is enforceable. In fact, because Plaintiff received sufficient notice of the terms and an opportunity to assent as explained below, the Arbitration Agreement is valid and enforceable under either Delaware or Massachusetts law, or any of the laws that Plaintiff attempts to commandeer for the case.[5]

### i.    Segway Provided Sufficient Notice of the Arbitration Agreement.

Plaintiff is bound by the Arbitration Agreement because he received "reasonable notice" of the contract's terms. *See Archer v. Grubhub, Inc.*, 190 N.E.3d 1024, 1033 (Mass. 2022). "Reasonable notice of a contract's terms exist even if the party did not actually view the agreement,

---

[4] These two Seventh Circuit opinions were authored by the esteemed Judge Easterbrook and stand for the "controlling issue" that "economic and practical considerations involved in selling services to mass consumers . . . make it acceptable for terms and conditions to follow the initial transaction." *See Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1105 (C.D. Cal. 2002). Judge Easterbrook explained that "[c]ustomers as a group are better off when vendors skip costly and ineffectual steps such as telephonic recitation, and instead use a simple approve-or-return device. Competent adults are bound by such documents, read or unread." *Gateway*, 105 F.3d at 1149.

[5] Plaintiff makes a passing argument that "[t]he Third Circuit has held that U.C.C. § 2-207 applies to shrinkwrap agreements" and that "additional terms offered via a shrinkwrap are proposed additional terms." Pl.'s Opp. at 12 (D.I. 19). This is a misleading and inaccurate claim based on a case that fails to stand for the proposition alleged. In the cited case, *Step-Saver Data Systems. Inc. v. Wyse Technology*, 939 F.2d 91 (3d Cir. 1991), the Third Circuit considered a classic "battle of the forms" situation, which is not applicable here. *See Meridian Project Sys. v. Hardin Constr. Co., L.L.C.*, 426 F. Supp. 2d 1101, 1106 (2006) ("In *Step-Saver*, the court was presented with a battle-of-the-forms case, in which the parties exchanged forms with different conditions and obligations, and the court addressed whether the 'shrinkwrap license' controlled."); *Novell, Inc. v. Unicom Sales, Inc.*, 2004 U.S. Dist. LEXIS 16861, at *34 (N.D. Cal. Aug. 17, 2004).

so long as the party had an adequate opportunity to do so." *Id.* Massachusetts courts typically consider this against the backdrop of "the nature, including the size, of the transaction,' 'the interface by which the terms are being communicated,' 'the form of the contract,' and 'whether the notice conveys the full scope of the terms and conditions.' 'Ultimately, the offeror must reasonably notify the user that there are terms to which the user will be bound and give the user the opportunity to review those terms.'" *Good*, 234 N.E.3d at 276.

Here, the totality of the circumstances demonstrates that Segway reasonably notified Plaintiff of the terms to which he would and provided an adequate opportunity to review those terms. First, the nature and size of the transaction demonstrate that Segway provided reasonable notice. This is considered from the "perspective of reasonable people in the position of the parties." *Doe v. Morgan Stanley & Co., LLC* 2024 U.S. Dist. LEXIS 139169, at *14 (D. Mass. Aug. 6, 2024). Here, most reasonable people would expect to find terms and conditions governing the sale and use of a $1,000.00 product. *See id.* (comparing submission of a job application as "more consequential," and therefore more likely to carry terms, than "for example, using a ride-sharing app to request a ride . . . or purchasing a credit score" (simplified)); *see also Gonneville v. Lens.Com, LLC*, 2025 U.S. Dist. LEXIS 46574, at *11-14 (D. Mass. Mar. 10, 2025) (agreeing with "[t]hree other district courts [that] concluded that individuals who placed orders on Lens.com's website formed a contract with Lens.com").

Second, the "interface" and form of the contract accompanying Plaintiff's purchase support the conclusion that the Arbitration Agreement is enforceable. Plaintiff's purchase was accompanied by a label on-the-box and a paper contract containing the Arbitration Agreement (the Limited Warranty), which is the "interface" and form through which contract terms are historically transmitted. Indeed, in *Kauders v. Uber Technologies, Inc.*, the Massachusetts Supreme Court

6

recognized that, "paper transactions" are historically the way in which individuals obtain notice that they are entering into a contractual relationship. 159 N.E.3d. 1033, 1050 (Mass. 2021). And where "language and formatting" provide "visible and legible" text—as the Agreement does here—notice should be found. *See Gonneville*, 2025 U.S. Dist. LEXIS 46574, at *14-15.

Third, the Limited Warranty and Arbitration Agreement convey the full scope of the terms and conditions governing the contract. The notice on the exterior of the box identified the Arbitration Agreement and directed offerees and purchasers to the full terms online. After opening the box, the consumer would be unavoidably confronted by the Limited Warranty, the cover of which announced itself as a legal document by stating "THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS." *See* Zhao Decl., Ex. 1 at 1. Just five pages later, the heading "Claims and Dispute Resolution" informed the consumer of the complete details of the Arbitration Agreement, including a right to "opt out". *Id.* at 6-9. Hence, by any metric, Plaintiff received the full scope of the terms and conditions governing the contract between him and Segway. *See Gonneville*, 2025 U.S. Dist. LEXIS 46574, at *14-16.[6]

### ii.    Assent is Present, Particularly Considering the "Opt-Out."

Plaintiff contends that the Arbitration Agreement cannot be an enforceable contract

---

[6] Plaintiff asserts that "courts must . . . inquire into the content of the notice," which "must notify consumers that they may be subject to a bilateral contract . . . ." Pl.s' Opp. at 15 (D.I. 19). In making this claim, Plaintiff has failed to cite Massachusetts authority that mandates such a requirement. Moreover, Plaintiff has failed to articulate what is required to demonstrate notice of a bilateral contract. Regardless, not only has Segway demonstrated that the elements of Massachusetts law are met, but the Arbitration Agreement demonstrates that it provided notice of "bilateral terms" in several ways. For example, on the first page of the Limited Warranty, it states that the buyer is entitled to "SPECIFIC LEGAL RIGHTS." Zhao Decl. Ex. 1 at 1 (D.I. 17). It further describes Segway's obligations, such as "Segway will repair or replace [the] Product in accordance with the terms of this Limited Warranty." *Id.* at 2. And the Arbitration Agreement in particular makes clear that it is a bilateral contract which commits both Segway and the buyer of its products to certain rights and obligations, such as rights to arbitration and duties of payment. *Id.* at 6-7. Regardless of the law applied, the Limited Warranty and Arbitration Agreement contain ample notice of bilateral contract terms.

because "none of the relevant 'notices' provide any language suggesting how a consumer would be bound: i.e., whether by opening the packaging, using the Products, or keeping the Products beyond a certain time." Pl.'s Opp. at 19 (D.I. 19). Not only has Plaintiff misapplied the applicable law, but Plaintiff's argument is incorrect for three reasons.

First, Plaintiff relies upon *Adams v. Am.'s Test Kitchen, LP*, 680 F. Supp. 3d 31, 38-39 (D. Mass. 2023), but that case fails to support Plaintiff's argument. There, the contract was not enforceable because the notice failed to provide reasonable notice of terms and conditions. *Id.* at 39-40. The Limited Warranty and Arbitration Agreement in this case, comparatively, provide ample notice regarding terms and conditions.

Second, Plaintiff's claim that a return period is necessary and that magic language is required are contrary to the law governing enforcement of in-the-box contracts—particularly when the Arbitration Agreement contained clear notice that it concerned "SPECIFIC LEGAL RIGHTS," *see* Zhao Decl., Ex. 1 at 1, and later contained a clear and conspicuous "opt-out" provision. Plaintiff clearly had an opportunity to reject the Arbitration Agreement according to its terms. That is, in fact, what makes this case different than the Third Circuit decisions in *James* and *Noble*, because even though the arbitration clauses in both of those cases included a thirty-day opt out period, the consumer did not have sufficient notice of the arbitration clause in either case. *See James v. Global Tel\*Link Corp.*, 852 F.3d 262, 264, 268 n.3 (3d Cir. 2017) (noting users had 30 days to opt out of the arbitration provision but finding the plaintiffs did not assent to the arbitration provision because the "terms were neither conspicuous nor readily accessible"); *Noble v. Samsung Elecs. Am., Inc.*, 682 Fed. Appx. 113, 115-16 (3d Cir. 2017) (noting the arbitration clause included a 30-day opt out provision but finding Plaintiff did not have sufficient notice of the arbitration clause because it was "buried" in a 143-page "Guide"); *see also ProCD*, 86 F.3d 1447 (holding that terms inside a

8

software box bind consumers who use the software after an opportunity to read the terms and reject them by returning the product).

Third, the Arbitration Agreement is clear concerning what consumers must do to avoid accepting the Arbitration Agreement, and that conduct is for purchasers to opt-out. The failure to do so is sufficient manifestation of asset. *See Polaroid Corp. v. Rollins Envt. Servs.*, 624 N.E.2d 959, 964 (Mass. 1993) ("Although silence does not ordinarily manifest assent, the relationship between the parties or other circumstances may justify the assumption that silence indicates assent to the proposal. Moreover, when an offeree accepts the offeror's services without expressing any objection to the offer's essential terms, the offeree has manifested assent to those terms." (citations omitted)); *Schnabel*, 697 F.3d at 120 (collecting cases and explaining that "[t]he conduct may be words or silence, action or inaction").[7]  Plaintiff's opportunity to opt-out was even more favorable than a right to return, as Plaintiff had the opportunity to keep his KickScooter while still rejecting the Arbitration Agreement. Under these circumstances, the Arbitration Agreement is enforceable. *See Vincent v. Nat'l Debt Relief LLC*, 2024 U.S. Dist. LEXIS 119512, at *41-43 (S.D.N.Y. July 8, 2024) (comparing "a right to opt-out of mandatory arbitration" with the ability to return a product in the consumer goods setting and explaining "the analogy . . . is apt").

III.    CONCLUSION

In sum, Plaintiff has failed to refute the existence and enforceability of the Arbitration Agreement contained in the Limited Warranty. Plaintiff received adequate notice of the Arbitration Agreement and assented to its terms. The Court should grant Segway's Motion.

---

[7] *Schnabel* is persuasive. There, the court noted that "[i]n shrinkwrap-license cases, the terms at issue are typically provided inside the packaging of consumer goods" and "the consumer does not manifest assent to the shrinkwrap terms at the time of purchase; instead, the consumer manifests assent to the terms by later actions.[]" *Schnabel*, 697 F.3d at 121-22. "[T]he 'later actions' would not be the failure to return . . . but the failure to cancel . . . ." *Id.*

Dated:  July 3, 2025

 */s/ Alessandra Glorioso*
Alessandra Glorioso (DE Bar No. 5757)
Dorsey & Whitney (Delaware) LLP
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Telephone: 302-425-7171
Email: glorioso.alessandra@dorsey.com

*Attorneys for Defendant Segway Inc.*

10

## CERTIFICATE OF SERVICE

I, Alessandra Glorioso, hereby certify that on July 3, 2025, a true and correct copy of the

foregoing was served on the following through the Court's CM/ECF system:

R. Grant Dick IV, Esquire
Kevin D. Levitsky, Esquire
Cooch and Taylor P.A.
1000 N. West Street, Suite 1500
Wilmington, DE 19801
gdick@coochtaylor.com
klevitsky@coochtaylor.com

Joel D. Smith, Esquire
Smith Krivoshey, PC
867 Boylston Street, 5th Floor #1520
Boston, MA 02116
joel@skclassactions.com

Yeremey O. Krivoshey, Esquire
Smith Krivoshey, PC
166 Geary Street, Suite 1500-1507
San Francisco, CA 94108
yeremey@skclassactions.com

/s/ *Alessandra Glorioso*
Alessandra Glorioso (DE Bar No. 5757)

11