**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE SEGWAY SCOOTER RECALL LITIGATION | C.A. No. 25-cv-00369-GBW CONSOLIDATED |

**DECLARATION OF YEREMEY KRIVOSHEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ALL DEADLINES AND PROCEEDINGS**

I, Yeremey Krivoshey, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California.  I am a founding partner at Smith Krivoshey, PC, counsel for Plaintiffs in In re Segway Scooter Recall Litigation, C.A. No. 25-cv-00369-GBW.  I am an attorney at law licensed to practice in the State of California, and I have been admitted to practice *pro hac vice* in the above matter.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      In preparing Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration and Stay All Deadlines and Proceedings, I have reviewed many "unboxing" videos of the Products on YouTube to provide the Court with basic images of what the Products typically look like when they are delivered to customers.  Some Products are covered in protective packaging tape, thereby concealing all information that may otherwise be provided on the outside box, including any stickers thereon.  For these Products, it makes no difference what stickers, or other terms, Defendant may place on the exterior box – consumers would not see them.  The following is a screenshot of an unboxing video[1] for one of Defendant's Products, showing that the entirety of the box is wrapped in protective packaging tape:

---

[1] The video can be accessed at https://www.youtube.com/watch?v=o9XBsDDBWpQ

1



3.      I have reviewed many such unboxing videos to try to locate where the stickers depicted in Mr. Zhao's declaration in support of Defendant's motion to compel arbitration actually appear on the Products' boxes.  It is clear that the sticker is not on the front of the box or top of the box, or anywhere in a conspicuous place where consumers may see it.  For instance, in one of the "unboxing" videos Defendant cites, the video displays the entirety of the front and top of the box, with the reviewer opening the box in view of the camera.  *See* Zhao Decl. ¶ 15 (citing https://www.youtube.com/watch?v=cMhjEoG3cQc).  As seen below in a screenshot from the video, no sticker is apparent anywhere in the video.



4.      In the other unboxing video cited by Defendant, the box is shown from a different angle. *See id.* (citing https://www.youtube.com/watch?v=Mb86niuplgE).  Again, the sticker at issue is not present anywhere on the front or top of the box that is used as the "door." Despite the extreme thoroughness of the video reviewer's analysis of every minute detail that comes with opening the box (in a manner that is far more detailed than would be displayed by actual consumers), this reviewer likewise does not see or is aware of any sticker mentioning arbitration. From the best that I can tell, the sticker at issue might be located on the *side* of the box, is surrounded by other stickers, is very small in comparison to the other text and graphics on the box, and is not conspicuous whatsoever.  The red arrow below is my best guess at where the sticker may be placed.

3



5.     As can be seen above, the stickers are not placed over any seam, handle, or opening of the box, such that a consumer would not necessarily have to see, cut, break, or interact with the sticker when opening the box.

6.     As can be seen in one unboxing video[2] Defendant cites to, the first page of the booklet found inside the boxes of G30P KickScooters is *not* the Limited Warranty, but rather a "Safety Notice" that Defendant omits entirely from its description. The Safety Notice, the very first page consumers would see, says nothing about the Limited Warranty, or that the pages below it may contain any contractual terms and conditions.

---

[2] https://www.youtube.com/watch?v=Mb86niuplgE



7.      In the other unboxing video[3] cited by Defendant, the Safety Notice appears to be missing.  Instead, consumers in the second video would see the first page of the "Quick Start" guide, as can be seen in the screenshot below.  The Safety Notice, the very first page consumers would see, says nothing about the Limited Warranty, or that the pages below it may contain any contractual terms and conditions.

---

[3] https://www.youtube.com/watch?v=cMhjEoG3cQc



    8.       Immediately after the Quick Start guide, customers are presented with a large Thank You card (in some situations, the Thank You card may appear *first*), as shown in one of the unboxing videos Defendant cites.[4]

---

[4] https://www.youtube.com/watch?v=Mb86niuplgE



9.      The Thank You card states, "Before you take your new ride out for a spin, let's review the safety protocol.  Always wear a helmet, read the user manual and be sure to read 'Riding Safety' on the Segway-Ninebot app to unlock key product features."   The Thank You card makes no reference to the Limited Warranty or arbitration, and does not mention that customers should review any terms and conditions anywhere "[b]efore you take your new ride out for a spin."

10.      Defendant argues that consumers that visited www.segway.com would have been on notice of the arbitration provision at issue here.  Not so.  There is no arbitration provision on that page.  Instead, a consumer would have to scroll to the very bottom of the page (which is not visible without scrolling), and find a small greyed-out hyperlink – one of about two dozen such hyperlinks – titled "Warranty Policy," as displayed below.



11. Clicking on the link takes consumers to a page that instructs consumers to select a particular KickScooter before being presented with a warrant policy. Through several more clicks, only then would a consumer see the Limited Warranty attached to Mr. Zhao's declaration.

12. If consumers happened to see the relevant sticker on the box of G30P Kickscooters, and then take out their phones or go on their computers and type in https://www.segway.com/max-warranty/, the site referenced on the sticker, they would land on a page that makes no reference to arbitration or any terms and conditions. Instead, the page only states "Warranty Information … Below you will find our most up-to-date warranties," followed by a list of product names. By clicking on "Ninebot by Segway Kickscooter," they would be taken to the Limited Warranty, which, as discussed above, does not mention that terms and conditions binding consumers may be contained inside, or any method for acceptance, and does not mention arbitration anywhere on the front or first few pages of the document.



13.    It appears that *after* filing its motion to compel arbitration in these consolidated cases, Defendant changed the landing page for https://www.segway.com/max-warranty/ to instead route to a new page that is tailored to mention KickScooter G30LP and KickScooter G30P warranty information.[5]  That site looks as depicted below, allowing customers to click on a particular KickScooter to view the Limited Warranty displayed in Mr. Zhao's declarations.



14.    That is not what any consumers would have seen *during the class period*.  Instead, the landing page for https://www.segway.com/max-warranty routed to https://store.segway.com/warranty-information when I set out working on the opposition to Defendant's original motions to compel arbitration in these consolidated cases.  As of June 20, 2025, when Plaintiffs filed oppositions to Defendant's original motions to compel arbitration in these consolidated cases, the website https://www.segway.com/max-warranty/ was completely blank.  **Entering it yielded literally a blank white page**. And, according to Mr. Zhao's declaration, the website https://store.segway.com/warranty-information was itself not active until November 2021, in the middle of the class period. Zhao Decl. ¶ 20. Accordingly, Defendant has provided the Court with no information of what each of the named Plaintiffs, and other class

---

[5] That page now routes to https://service.segway.com/us-en/policy/list?seriesCode=K025&seriesName=Ninebot+KickScooter+Max+Series&subCategoryCode=H1&subCategoryName=KickScooter

members, would have actually seen if they in fact typed in https://www.segway.com/max-warranty if they happened to see the url on the product packaging.

15.    I have researched Segway's publicly listed information about it return policy.  On its website, as of June 20, 2025, https://store.segway.com/return-policy, Segway stated, "If you purchased a Segway and/or Ninebot branded product from other persons … Return: Store.segway.com will NOT process and/or accept return of any such product."  Instead, all such customers are told to contact their individual sellers, who may or may not have return policies.  For customers that buy from Segway directly, they do not get to return items free of charge either.  First, customers may *cancel* and order between one to six and a half *hours* after checkout, depending on the time of year.  To make it more difficult to cancel, Segway states that "the cancel order button" will not appear until thirty minutes after checkout. If the Product has already shipped, Segway only allows returns if the Products are in their original packaging and *unopened*.  Thus, a customer that opens the box, happens to find the Limited Warranty, and, unhappy with the terms, decides to return the Product as a result will not be allowed to return it.  For those customers that decide to return the Product without even opening the packaging, they can return the item within 30 days of receipt, but only after obtaining a Return Merchandise Authorization from Segway first, paying for shipping (which could easily be hundreds of dollars due to the size of the Products), *and pay a restocking fee*.  In other words, by requiring that customers seeking to return the Products pay all shipping costs and a restocking fee, Segway has ensured that no unhappy customer would ever return the Products as it would almost certainly cost more to return the Products than the Products' sales prices.

16.    Based on what I could find online, Best Buy appears to accept returns for about 15 days in store, but charges a restocking fee of 15 percent of the purchase price if a product like a "premium scooter" is opened.  Academy.com appears to accept returns but does not compensate for shipping and charges restocking fees that it calls "academy.com charges."  Further, because the Products at issue have lithium-ion batteries, they cannot be shipped but must rather be returned in person.  Amazon appears to accept returns within a 30 day window, but would likely

10

charge for shipping of the Products because they weigh more than 50 pounds, and a restocking fee.  A shipping fee here may cost hundreds of dollars due to the weight and size of the Products.

17.     Attached hereto as Exhibit 1 is the June 17, 2025 Declaration of Plaintiff Barton Cicero.

18.      Attached hereto as Exhibit 2 is the June 17, 2025 Declaration of Plaintiff Edward Heymer.

19.     Attached hereto as Exhibit 3 is the June 17, 2025 Declaration of Plaintiff Christopher Holmes.

20.     Attached hereto as Exhibit 4 is the June 18, 2025 Declaration of Plaintiff Mary Rzewuski.

21.     Attached hereto as Exhibit 5 is the June 17, 2018 Declaration of Plaintiff Aaron John Sabu.

I declare under penalty of perjury under the laws of the United States and the State of Delaware that the foregoing is true and correct.  Executed in Louisville, Kentucky, on November 25, 2025.

_____
Yeremey Krivoshey

11