# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *IN RE SEGWAY SCOOTER RECALL LITIGATION* | C.A. No. 25-cv-00369-GBW<br>CONSOLIDATED |

## SEGWAY INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ALL DEADLINES AND PROCEEDINGS

Alessandra Glorioso (DE Bar No. 5757)
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone: (302) 425-7171
Fax: (302) 425-7177
Email: glorioso.alessandra@dorsey.com

Adam C. Buck (pro hac vice)
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
Telephone: 901-933-7360
Email: buck.adam@dorsey.com

Kirk Schuler (pro hac vice)
801 Grand Avenue, Suite 4100
Des Moines, IA 50309
Telephone: (515) 697-3622
Email: schuler.kirk@dorsey.com

Anna Boyle (pro hac vice)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 492-6639
Email: boyle.anna@dorsey.com

*Attorneys for Defendant Segway Inc.*

# TABLE OF CONTENTS

I. SUMMARY ..........................................................................................................................1

II. ARGUMENT......................................................................................................................1

    A.     The Forum Law Applies Because There is No Actual Conflict of Laws .....................1

    B.     The Arbitration Agreement is Enforceable...................................................................4

        1.     Plaintiffs Received Conspicuous Notice of the Arbitration Agreement ..................................................................................................................4

        2.     Plaintiffs Assent is Present, Particularly Considering the "Opt-Out."............9

III. CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*1-A Equip. Co. v. Icode, Inc.*,
   2003 Mass. App. Div. 30 (Mass. Ct. App. 2003) ................................................................. 2

*Ballou v. Asset Mktg. Servs., LLC*,
   46 F.4th 844 (8th Cir. 2022) ................................................................................................. 3

*Bell Helicopter Textron, Inc. v. Arteaga*,
   113 A.3d 1045 (Del. 2015) ................................................................................................... 4

*Bischoff v. DirecTV, Inc.*,
   180 F. Supp. 2d 1097 (C.D. Cal. 2002) ................................................................................ 2

*Borowiec v. Gateway 2000, Inc.*,
   209, Ill. 2d 376, 398 .............................................................................................................. 2

*Brower v. Gateway 2000, Inc.*,
   246 A.D.2d 246 (N.Y. 1998) ................................................................................................ 2

*Chamberlain v. LG Elecs. U.S.A., Inc.*,
   No. CV 17-2046-MWF, 2017 U.S. Dist. LEXIS 117968 (C.D. Cal. June 29,
   2017) ..................................................................................................................................... 3

*Cicero v. Segway Inc.*,
   No. 25-cv-00369 ................................................................................................................ 1, 5

*Cullinane v. Uber Techs.*
   893 F.3d 53 (1st Cir. 2018) ................................................................................................... 7

*Hill v. Gateway 2000, Inc.*,
   105 F.3d 1147 (7th Cir. 1997) ..................................................................................... passim

*Hillblom v. Wilmington Trust Co.*,
   339 A.3d 753 (Del. Ch. 2025) ............................................................................................... 6

*Liberty Ins. Underwriters, Inc. v. Cocrystal Pharma, Inc.*,
   604 F. Supp. 3d 240 (D. Del. 2022) ..................................................................................... 1

*Micro Focus (US), Inc. v. Ins. Servs. Office, Inc.*,
   2021 U.S. Dist. LEXIS 168853 (D. Del. Sept. 7, 2021) ....................................................... 4

*Noble v. Samsung Elecs. Am., Inc.*,
   682 Fed. Appx. 113 (3rd Cir. 2017) ..................................................................................8

*Norcia v. Samsung Telecommunications America, LLC*,
   845 F.3d 1279 (9th Cir. 2017) .................................................................................... 2, 3

*Payne v. Samsung Elecs. Am., Inc.*,
   2024 Del. Super. LEXIS 114 (Del. Super. 2024) .......................................... 4, 5, 6, 9

*ProCD, Inc. v. Zeidenberg*,
   86 F.3d 1447 (7th Cir. 1996) ........................................................................................2

*Rinaldi v. Iomega Corp.*,
   1999 Del. Super. LEXIS 563 (Del. Super. 1999) ......................................................10

*Rzewuski, et al. v. Segway*,
   C.A. No. 25-cv-00463-GBW ........................................................................................1

*Sabu, et al. v. Segway*,
   C.A. No. 25-cv-00394-GBW .................................................................................... 1, 5

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Lit.*,
   298 F. Supp. 3d at 1289 .......................................................................................2, 3, 4

*Schmidt v. Samsung Elecs. Am., Inc.*,
   No. C16-1725-JCC, 2017 U.S. Dist. LEXIS 80768 (W.D. Wash. May 25,
   2017) ...............................................................................................................................7

*Schnabel v. Trilegient Corp.*,
   697 F.3d 110 (2d Cir. 2012) .......................................................................................10

*Travelers Prop. Cas. Co. of Am. v. Jones*,
   2025 U.S. Dist. LEXIS 228806 (E.D. Cal. Nov. 20, 2025) .................................... 6, 9

*Tyler v. Cain*,
   533 U.S. 656 (2001) ......................................................................................................3

*United States v. Rivera*,
   2025 U.S. Dist. LEXIS 47185 (W.D. Wash. Mar. 14, 2025) .....................................6

*Vasadi v. Samsung Elecs. Am., Inc.*,
   No. 21-10238-WJM-AME, 2021 U.S. Dist. LEXIS 228899, *20 (D.N.J. Nov.
   29, 2021) ........................................................................................................................9

4921-4352-2431\9

*Vincent v. Nat'l Debt Relief LLC*,
    2024 U.S. Dist. LEXIS 119512 (S.D.N.Y. July 8, 2024) ..........................................................10

*Westendorf v. Gateway 2000*
    No. 16913, 2000 Del. Ch. LEXIS 54, at *9-10 (Del. Ch. March 16, 2000) .......................2, 4, 9

*Westerkamp v. Samsung Elecs. Am., Inc.*,
    No. 21-cv-15639, 2023 U.S. Dist. LEXIS 109433 (D.N.J. June 26, 2023) .............................8

*Wheeler v. LG Elecs., USA, Inc.*,
    No. 1:22-cv-00459-NODJ-BAM, 2024 U.S. Dist. LEXIS 2029 (E.D. Cal. Jan. 3, 2024) ..................................................................................................................................2

## Other Authorities

Federal Rules of Evidence 602 and 802 ........................................................................................6

Rules of Prof'l Conduct Rule 3.7(a) ..............................................................................................6

I.  SUMMARY

Plaintiffs' Opposition (D.I. 43) mischaracterizes the applicable law and fails to rebut the enforceability of the Arbitration Agreement. Plaintiffs' extensive choice of law analysis does not establish that any actual conflict of law exists, nor do Plaintiffs affirmatively select a forum's law to apply. Further confusing the issues, Plaintiffs' rely on a novel test for the enforceability of arbitration agreements that amalgamates the substantive contract law of at least five different states. Confronted with this unique strategy, Segway's reply is tailored to two specific issues: (A) which state's law applies, and (B) have Plaintiffs entered into an enforceable agreement. Segway also incorporates its replies in *Rzewuski, et al. v. Segway*, C.A. No. 25-cv-00463-GBW, (D.I. 32), *Sabu, et al. v. Segway*, C.A. No. 25-cv-00394-GBW, (D.I. 27), and *Cicero v. Segway Inc.*, No. 25-cv-00369, (D.I. 28), as if stated herein.

II.  ARGUMENT

A.  The Forum Law Applies Because There is No Actual Conflict of Laws

Despite Plaintiffs dedicating nearly a quarter of their Opposition to choice of law analysis, Plaintiffs fail to establish that an actual conflict exists between the laws of Delaware and any other forum. *See* Pls. Opp. at 9-13 (D.I. 43). Under Delaware choice of law principles, "the Court must first determine whether there is an actual conflict [of law]" before engaging in any choice of law analysis. *Liberty Ins. Underwriters, Inc. v. Cocrystal Pharma, Inc.*, 604 F. Supp. 3d 240, 247 (D. Del. 2022) (citation omitted). An actual conflict exists only if application of competing law would yield different results, otherwise "'there is a 'false conflict,' and the Court should avoid the choice-of-law analysis altogether.'" *Id.* (citation omitted). In that instance, the law of the forum (Delaware) applies. *Id.*

Here, Plaintiffs merely offer that "the laws of [Delaware, California, New York, Illinois, and Massachusetts] as to 'shrinkwrap' agreements differ significantly," without demonstrating that application of each state law would yield a different result, or even that the states apply a meaningfully different standard. *See* Pls. Opp. at 12 (D.I. 43). Indeed, Plaintiffs cannot do so because courts in New York, Massachusetts, Illinois, and Delaware have all explicitly adopted Judge Easterbrook's holding in *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147 (7th Cir. 1997), and enforce shrinkwrap contracts packaged

1

in consumer products.[1] *Brower v. Gateway 2000, Inc.*, 246 A.D.2d 246, 251 (N.Y. 1998) (New York law; adopting the rationale in *Hill*); *1-A Equip. Co. v. Icode, Inc.*, 2003 Mass. App. Div. 30, 32 (Mass. Ct. App. 2003) (adopting the rationale in *Hill* and *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996) to find that an "End User agreement" was part of an enforceable contract under Massachusetts law); *see Borowiec v. Gateway 2000, Inc.*, 209, Ill. 2d 376, 398 (2004) (endorsing *Hill* and finding an arbitration agreement contained in a car's warranty enforceable under Illinois law); *Westendorf v. Gateway 2000, Inc.*, No. 16913, 2000 Del. Ch. LEXIS 54, at *9-10 (Del. Ch. March 16, 2000) (enforcing an arbitration agreement under Delaware law under "[t]he same rationale" as *Hill*).

While California courts have not explicitly adopted *Hill*, district courts interpreting California law have enforced in-the-box arbitration agreements under an analogous standard. *See Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 298 F. Supp. 3d 1285, 1293-95 (N.D. Cal. 2018) (finding an arbitration agreement in a smartphone's user guide enforceable under California law because "[t]he guidebooks within the boxes make clear on the cover that the terms and conditions are contained inside"); *see also Wheeler v. LG Elecs., USA, Inc.*, No. 1:22-cv-00459-NODJ-BAM, 2024 U.S. Dist. LEXIS 2029, at *24-26 (E.D. Cal. Jan. 3, 2024) (finding that an arbitration notice on the inside of a dishwasher was sufficient constructive notice to make the agreement enforceable). As set forth here and in Segway's Motion to Compel Arbitration (hereinafter, "Motion") (D.I. 40), purchasers of the G30P and G30LP KickScooters all received sufficient notice of the Arbitration Agreement and the binding nature of its contractual obligations. *See* Mot. at 16 (D.I. 40). Accordingly, even under California's standard, the Arbitration Agreement is enforceable, and there is no actual conflict of law.

The cases cited by Plaintiffs fail to demonstrate that an actual conflict exists. First, Plaintiffs' citations to *Norcia v. Samsung Telecommunications America, LLC*, 845 F.3d 1279 (9th Cir. 2017) are inapposite. *See* Pls.' Opp. at 12 (D.I. 43). In *Norcia*, the Ninth Circuit held that an inconspicuous in-

---

[1] *Hill v. Gateway 200, Inc.* stands for the "controlling issue" that "economic and practical considerations involved in selling services to mass consumers . . . make it acceptable for terms and conditions to follow the initial transaction." *See Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1105 (C.D. Cal. 2002). "Customers as a group are better off when vendors skip costly and ineffectual steps such as telephonic recitation, and instead use a simple approve-or-return device. Competent adults are bound by such documents, read or unread." *Gateway*, 105 F.3d at 1149.

2

the-box arbitration agreement was unenforceable under California law because the purchaser could not manifest assent to terms where he lacked notice of them. *Norcia*, 845 F.3d at 1285. However, the Ninth Circuit also explicitly acknowledged a line of California cases holding that "a customer may be bound by an in-the-box contract under certain circumstances" (*id.* at 1289), and subsequent California district courts applying *Norcia* have ruled that shrinkwrap agreements are enforceable if the purchaser has constructive notice of its terms. *See e.g.*, *Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 298 F. Supp. 3d at 1293-95 (applying *Norcia* and finding the arbitration agreement enforceable).

Second, Plaintiffs' citation to *Chamberlain v. LG Elecs. U.S.A., Inc.*, No. CV 17-2046-MWF (PLAx), 2017 U.S. Dist. LEXIS 117968 (C.D. Cal. June 29, 2017), is inaccurate. There, the court considered the enforceability of an arbitration agreement under the laws of New York, Florida, and Washington, without applying California law. *See Chamberlain*, 2017 U.S. Dist. LEXIS 117968, at *13-14. Indeed, the court's only reference to *Norcia* was in dictum when noting that California law did not apply to govern the plaintiffs' claim.[2] *Id.* By contrast, the court's actual holding was that the arbitration agreement at issue was binding for states that had adopted *Hill v. Gateway*, including New York. *Id.*

Plaintiffs' other case citations do even less to establish an actual conflict. Plaintiffs cite *Ballou v. Asset Mktg. Servs., LLC*, 46 F.4th 844 (8th Cir. 2022), but the court in *Ballou* interpreted the enforceability of an arbitration agreement under Minnesota law. *Ballou*, 46 F.4th at 855. Indeed, on the page cited by Plaintiffs (*see* Pls.' Opp. at 12 (D.I.43)), the court explicitly noted that "Minnesota contract law—not *Hill*—governs whether the parties formed contracts that included the arbitration clause." *Ballou*, 46 F.4th at 855. However, unlike Minnesota, Delaware, New York, Illinois, and Massachusetts have all adopted the reasoning in *Hill*, and thus *Ballou* could not possibly create a conflict amongst those states. Plaintiffs then claim that *Ballou* evinces an alleged "circuit split" regarding the offeror/offeree distinction for contract modification. *See* Pls.' Opp. at 12 (D.I. 43). However, even to the extent this disagreement exists, Plaintiffs do not allege that this is a disagreement between the relevant forum states, nor that it creates a different *outcome* as to the enforceability of the

---

[2] The mentions of *Norcia* and California law were in passing, unnecessary for the final disposition. They are not part of the holding. *See Tyler v. Cain*, 533 U.S. 656, 677 n.4 (2001) (citation omitted).

Arbitration Agreement. *See id.* Accordingly, there is not an actual conflict and the forum law applies.[3]

### B. The Arbitration Agreement is Enforceable

Aside from the choice of law argument, Plaintiffs' Opposition is limited to one issue—whether the Arbitration Agreement is enforceable. It is. First, as a threshold issue, Plaintiffs do not address, and thus concede, Segway's argument that the Arbitration Agreement extends to cover Plaintiffs' dispute (Mot. at 16 (D.I. 40)). Second, Plaintiffs' alleged four-part test for the enforceability of the Arbitration Agreement is based on an amalgamation of case law without citation to binding authority.[4] Under relevant state law, including states that have adopted *Hill*, a shrinkwrap arbitration agreement is enforceable so long as (1) the consumer had reasonably conspicuous notice of the contractual terms, and (2) the consumer continued to use the product despite such notice. *See e.g., Payne v. Samsung Elecs. Am., Inc.*, 2024 Del. Super. LEXIS 114, at *7-9 (Del. Super. 2024); *see also Westendorf*, 2000 Del. Ch. LEXIS 54, at *9-10. These requirements are each met in this case.

#### 1. Plaintiffs Received Conspicuous Notice of the Arbitration Agreement

Plaintiffs received conspicuous notice. Under relevant law, "a contract comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances that the parties intended to be bound by their agreement on all essential terms." *Micro Focus (US), Inc. v. Ins. Servs. Office, Inc.*, 2021 U.S. Dist. LEXIS 168853, at *7 (D. Del. Sept. 7, 2021). Accordingly, a purchaser has sufficient inquiry notice "where the notice of the arbitration

---

[3] Even if a conflict does exist, Plaintiffs fail to establish which law should apply. Plaintiffs cite a Northern District of California case for the proposition that parties typically "agree that the law of each Plaintiff's home state controls" (Opp. at 11-12 (D.I. 43)), but that was merely the agreement in that case. *See In re Samsung Galaxy Smartphone Mktg. & Sales Practices Lit.*, 298 F. Supp. 3d at 1289. Delaware courts apply the "most significant relationship," test which concerns: the place of injury, the place where the conduct causing the injury occurred, the domicile, residence, place of incorporation, and place of business of the parties, and the place where the relationship is centered. *Bell Helicopter Textron, Inc. v. Arteaga*, 113 A.3d 1045, 1050 (Del. 2015). Here, Delaware applies as it is where Segway is incorporated and where the relationship between the parties is centered. Regardless, under any other applicable law, the result is the same and the Arbitration Agreement is enforceable.

[4] Without any true citation to governing authority, Plaintiffs contend that an enforceable shrinkwrap agreement requires (1) conspicuous notice, (2) information concerning "bilateral terms," (3) notice concerning "what conduct constitutes acceptance," and (4) an opportunity to return the product. Pl.s' Opp. at 13 (D.I. 43). Plaintiffs' "elements" are not always accurate, as explained throughout this reply.

provision was reasonably conspicuous," and a party is then "bound by those terms even if he failed to read them." *Payne*, 2024 Del. Super. LEXIS 114, at *13-14 (citations omitted).

*G30P KickScooter Purchasers (Cicero, Holmes, Sabu, and Rzewuski)*

Segway provided G30P KickScooter purchasers with ample notice of the Arbitration Agreement and its contractual terms. A sticker on the outside of the G30P KickScooter box states, "NINEBOT EKICKSCOOTER Max G30P LIMITED WARRANTY AND ARBITRATION AGREEMENT SHALL APPLY AVAILABLE AT: https://www.segway.com/max-warranty/." Zhao Decl. ¶ 11 (D.I. 41). The Arbitration Agreement is contained in the same packet as the G30P's assembly materials and is removed in the G30P's typical unboxing process. *Id.* ¶ 14. The only emphasized text on the first page of the Limited Warranty specifies that, "THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS," thereby emphasizing the legal and contractual nature of the terms therein. *Id.* Ex. 1 (Manufacturer's Limited Warranty (Americas)) at 1. The Limited Warranty is only nine pages long for consumers in America, and the Arbitration Agreement is found on pages six through nine, thereby occupying nearly half of the pages. *Id.* at 6-9. This level of careful notice far exceeds the URL link and reference to "Important Information" on the phone packaging the court in *Payne* found "sufficient to put a person of ordinary intelligence and prudence … of the arbitration agreement." *Payne*, 2024 Del. Super. LEXIS 114, at *19 (internal quotations and citation omitted).

Plaintiffs offer nothing but unsupported speculation against the sufficiency of notice for G30P purchasers. Plaintiffs theorize that Segway might not have always packaged the notice consistently, that the web URL might not have been operative, and that the linked webpage may not have provided relevant information. Opp. at 14 (D.I. 43). Plaintiffs also speculate that the arbitration notice might have been covered by packing tape. *Id.* Despite this, the Declaration of Wei Zhao is unambiguous: the notice label is "[d]isplayed on the G30P KickScooter's box," and the referenced URL is operative and provides the "KickScooter G30P Warranty Policy." Zhao Decl. ¶¶ 11-12 (D.I. 41). And although Plaintiffs' *counsel* attempts to create an issue of fact, such as whether the webpage was live when Plaintiff Holmes purchased his scooter, Plaintiffs rely on incorrect and inconsistent spellings of the

5

website[5] and further fail to lay foundation to demonstrate that Plaintiffs' counsel knows the condition of the website in June 2021 when Plaintiff Holmes purchased his product. Plaintiffs' counsel asserts no personal knowledge regarding what the actual plaintiffs in this case received, demonstrating his reliance on hearsay and his lack of personal knowledge sufficient to contradict Mr. Zhao. The present Motion concerns whether *Plaintiffs* must arbitrate based on notice *they* received, and the Court should disregard and exclude the testimony of Plaintiffs' counsel under rules 602 and 802 of the Federal Rules of Evidence. *See Travelers Prop. Cas. Co. of Am. v. Jones*, 2025 U.S. Dist. LEXIS 228806, *5 (E.D. Cal. Nov. 20, 2025) (finding declaration of counsel insufficient because "caselaw generally indicates that it should be the Plaintiff to provide such facts since they must be based on personal knowledge of the cause of action"); *United States v. Rivera*, 2025 U.S. Dist. LEXIS 47185, *7-8 (W.D. Wash. Mar. 14, 2025) ("It is well established that arguments of counsel do not constitute evidence. . . . [because] counsel cannot act as a witness; he was not present . . . and, therefore, does not have personal knowledge. . . ."). In fact, the governing rules of Professional Conduct do not permit Plaintiffs' counsel to serve as a necessary witness to provide testimony concerning the merits of the case. *See* D. Del. LR 83.6(d); Mod. Rules of Prof'l Conduct R. 3.7 (Am. Bar Ass'n 2025); *see also Hillblom v. Wilmington Trust Co.*, 339 A.3d 753, 755 (Del. Ch. 2025) ("Rule 3.7(a) . . . states in relevant part: 'A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . .'").

Regardless, none of Plaintiffs' arguments interact with the actual legal standard, which is whether a purchaser "would have learned that there was an arbitration agreement" had the purchaser chosen to read the label or the packaged content. *Payne*, 2024 Del. Super. LEXIS 114, at *18-19. Here,

---

[5] In fact, Plaintiffs fail to accurately portray the record. Plaintiffs discuss the website https://www.segway.com/max-warranty/ and allege that "as to Plaintiff Holmes, who purchase [sic] the Product in June 2021, the landing page was not even yet active, as Mr. Zhao states that the page did not go live until November 2021." Opp. at 3. This misstates Mr. Zhao's declaration. Mr. Zhao stated that a different webpage, https://store.segway.com/warranty-information" was available "from November 2021 through the present." Zhao Decl. ¶ 20 (D.I. 41). With respect to the "max-warranty/" page, no such qualification was provided. *See id.* ¶¶ 11-12. Moreover, other webpages were operative from June 2019. *Id.* ¶ 20. Additionally, regarding counsel's argument that this webpage was recently inoperable, it is not even clear that counsel properly typed the URL. The inclusion or deletion of a "/" at the end results in an inoperative website, and Plaintiffs' filings include both spellings.

6

the label states unequivocally that the enclosed "ARBITRATION AGREEMENT SHALL APPLY." Zhao Decl. ¶ 11 (D.I. 41). Accordingly, even if Plaintiffs are correct that they did not actually read the arbitration notice, the sticker still provided them sufficient notice.

Next, Plaintiffs allege that the sticker was inconspicuous because it "contains the same type font, coloring, and lettering as other innocuous stickers." Pls. Opp. at 14 (D.I. 43). This is factually untrue. As depicted by Zhao, the arbitration notice is posted separately from other stickers and, unlike the other stickers, the non-URL text is entirely bolded and capitalized. *See* Zhao Decl. ¶ 11 (D.I. 41). Plaintiffs' citation to *Cullinane v. Uber Techs.*, Inc. 893 F.3d 53 (1st Cir. 2018) is inapposite. In *Cullinane*, the court found that a hyperlink in white font (instead of underlined blue typeface) was so discrete compared to its surrounding text that it did not provide a reasonable user notice of the hyperlinked policy. *Cullinane*, 893 F.3d at 63. Unlike in that case, the arbitration sticker's text, type face, and structure is not similar to any of the surrounding labeling, nor is it a surprising deviation.

Finally, and most importantly, Plaintiffs still received reasonably conspicuous notice via the Limited Warranty. Under *Hill*, the touchstone for notice is simply whether the terms were included inside the box giving the consumer an opportunity to read and reject them. *Hill*, 105 F.3d at 1148; *see also Schmidt v. Samsung Elecs. Am., Inc.*, No. C16-1725-JCC, 2017 U.S. Dist. LEXIS 80768, at *9 (W.D. Wash. May 25, 2017) (applying *Hill*, and holding that notice was sufficient because "Plaintiffs could have opened the box to find the agreement, read and disagreed with the terms, and then returned the device (or opted out))." Here, regardless whether Plaintiffs could or did see the exterior sticker on the box, Plaintiffs do not dispute that the Arbitration Agreement was included in their G30P KickScooters' packaging, providing them an opportunity to read it and reject its terms. Mot. at 14 (D.I. 40). Plaintiffs also do not dispute that the cover of the Limited Warranty informs consumers in capitalized letters that the Limited Warranty effects "SPECIFIC LEGAL RIGHTS." *Id.* Plaintiffs contend that the Limited Warranty is somehow insufficient because it does not include a table of contents. Pls.' Opp. at 15 (D.I. 43). However, Plaintiffs concede that the Limited Warranty is less than 10 pages long, and the Arbitration Agreement spans nearly half of it. *See* Mot. at 14 (D.I. 40). Thus, the Arbitration Agreement is readily distinguishable from the case cited by Plaintiffs, where the

7

contractual provision was placed more than one hundred pages into the document. *See Noble v. Samsung Elecs. Am., Inc.*, 682 Fed. Appx. 113, 117 (3rd Cir. 2017) (holding that the plaintiffs lacked notice of terms which did not appear until page 105 of the user guide).

Accordingly, Plaintiffs Cicero, Holmes, Sabu, and Rzewuski all had sufficient notice of the Arbitration Agreement, and the Court should enforce it and compel them to arbitrate.[6]

*G30LP KickScooter Purchasers (Heymer)*

Plaintiff Heymer also had sufficient notice of the Arbitration Agreement. The box of each G30LP KickScooter contained a label directing purchaser to Segways' website for additional information. Zhao Decl. ¶ 16 (D.I. 41). Further, after opening the box, the consumer would be unavoidably confronted with either a Limited Warranty booklet containing a prominent dispute resolution provision (i.e., the Arbitration Agreement), a User Manual referring to the Limited Warranty online, or both. *See id.* ¶¶ 16-18. In fact, for purchasers of G30LP KickScooters produced in 2020 and possibly 2021, a Limited Warranty with Arbitration Agreement was in-the box like it was for the G30P. *Id.* ¶¶ 16-22. And for later produced models, customers would still receive (1) a Limited Warranty stating it did not apply to purchasers in the United States, and (2) a User Manual with references to the Limited Warranty and www.segway.com where users could access the applicable Limited Warranty and Arbitration Agreement. *Id.* ¶¶ 16-21. Although Segway recognizes that these facts present a less compelling case of notice when compared to purchasers of the G30P KickScooter, the fact remains

---

[6] Plaintiff asserts that "courts must . . . inquire into the *content* of the notice," which "must notify consumers that they may be subject to a bilateral contract . . . ." Opp. at 15 (D.I. 43). Plaintiffs have not cited any authority expressly stating this element or requiring language like "Terms and Conditions." Regardless, the Arbitration Agreement demonstrates that it provided notice of "bilateral terms." For example, the Limited Warranty states that the buyer is entitled to "SPECIFIC LEGAL RIGHTS." Zhao Decl. (D.I. 41) Ex. 1 at 1; Ex. 2 at 1; Ex. 3 at 2; Ex. 4 at 1. One version of the Limited Warranty (Version 2 applicable to certain G30LP KickScooters) specifically says on the cover that it is a "Limited Warranty and Dispute Resolution Agreement." *Id.* Ex. 3. In both instances, this is language that is "unambiguously associated with contracts." *See Westerkamp v. Samsung Elecs. Am., Inc.*, No. 21-cv-15639, 2023 U.S. Dist. LEXIS 109433, *18 (D.N.J. June 26, 2023) (cleaned-up). Additionally, the Limited Warranty describes bilateral terms, such as what Segway will do if a purchaser encounters a problem. Zhao Decl. Ex. 1 at 2. And the Arbitration portion, in particular, states that it is a bilateral contract which commits both Segway and the buyer to certain rights and obligations. *Id.* at 6-7. The Limited Warranty contains notice of bilateral terms.

that G30LP KickScooter purchasers still had notice of the Arbitration Agreement.

Plaintiffs insist that G30LP purchasers lacked notice because "the box failed to contain a sticker *on the outside* of the box alerting consumers about *any* terms, warranty, or arbitration." Opp. at 14 (D.I. 43) (emphasis in original). However, as outlined above, the touchstone for inquiry notice does not depend solely on external notice. *See e.g.*, *Hill*, 105 F.3d at 1148. Here, Plaintiff Heymer's G30LP KickScooter either came with the same Limited Warranty and Arbitration Agreement as the G30P purchasers, or it came with a User Manual disclosing the Limited Warranty and directing customers to Segway's website which is where the Limited Warranty and Arbitration Agreement were available. Zhao Decl. ¶¶ 16-21 (D.I. 41). Plaintiff Heymer had sufficient notice of the Arbitration Agreement.

### 2. Plaintiffs' Assent is Present, Particularly Considering the "Opt-Out."

Plaintiffs also manifested assent through their continued use of the KickScooter and failure to opt-out of arbitration. Once a purchaser has reasonable notice of terms included with a product, their subsequent use of that product constitutes assent to the terms. *See Payne*, 2024 Del. Super. LEXIS 114, at *7, 14; *see also Westendorf*, 2000 Del. Ch. LEXIS 54, at *9-10. Here, Plaintiffs purchased the KickScooters and continued to use them (some for years) after receiving notice of the Arbitration Agreement. Mot. at 13 (D.I. 40). Additionally, the Arbitration Agreement included a clause explicitly permitting purchasers to "opt out" of the Arbitration Agreement. *Id.* Despite this, Plaintiffs all retained their KickScooters beyond the 30-day period without opting-out. *Id.*

Plaintiffs claim that Segway did "not provide … notice of what conduct [purchasers] must perform to manifest assent." Pls.' Opp. at 19 (D.I. 43). However, neither the governing law nor the cases cited by Plaintiffs include this "magic words" requirement. For example, in *Vasadi v. Samsung Elecs. Am., Inc.*, the court noted that "'no particular form of words is necessary" and "the arbitration clause will pass muster when . . . understandable to the reasonable consumer." No. 21-10238-WJM-AME, 2021 U.S. Dist. LEXIS 228899, *20 (D.N.J. Nov. 29, 2021) (internal quotations and citation omitted). Moreover, the Arbitration Agreement provides plain language concerning what consumers must do to avoid accepting the Arbitration Agreement: send an email opting-out. Mot. at 14 (D.I. 40). Plaintiffs' failure to do so is sufficient manifestation of asset. *See Vasadi*, 2021 U.S. Dist. LEXIS

9

228899, at *9; *see also Schnabel v. Trilegient Corp.*, 697 F.3d 110, 121-122 (2d Cir. 2012) (collecting cases, explaining that "conduct may be words or silence, action or inaction," and noting in shrinkwrap cases that "the consumer does not manifest assent to the shrinkwrap terms at the time of purchase; instead, the consumer manifests assent to the terms by later actions" which can include a "failure to cancel").

Plaintiffs claim that the Arbitration Agreement is unenforceable because Segway did not accept returns from consumers who purchased KickScooters from third-party vendors (Opp. at 20 (D.I. 43), but Plaintiffs are again inferring requirements that are unsupported by law. In Delaware, a buyer accepts terms in a consumer product if "[t]he buyer can read the [terms] after payment … and then later have the opportunity to reject the contract terms … if the buyer so chooses." *Rinaldi v. Iomega Corp.*, 1999 Del. Super. LEXIS 563, at *18-19 (Del. Super. 1999). Plaintiffs had an opportunity to reject the Arbitration Agreement by opting out, which was even more favorable than a right to return because Plaintiffs could retain the goods while still rejecting arbitration. *See Vincent v. Nat'l Debt Relief LLC*, 2024 U.S. Dist. LEXIS 119512, at *41-43 (S.D.N.Y. July 8, 2024) (comparing "a right to opt-out of mandatory arbitration" with the ability to return and explaining "the analogy . . . is apt"). Indeed, Plaintiffs' rationale for this inferred requirement is that the purchaser needs "a manner of rejection because the extent of the terms typically cannot be discovered until the product is opened." Opp. at 20 (D.I. 43). Opting out and keeping the KickScooter accomplishes exactly that. Accordingly, Plaintiffs retention of the KickScooters and their failure to opt-out constitutes assent.

### III. CONCLUSION

In sum, Plaintiffs have failed to refute the existence and enforceability of the Arbitration Agreement contained in the Limited Warranty. Plaintiffs received adequate notice of the Arbitration Agreement and assented to its terms. The Court should grant Segway's Motion.

Dated: December 22, 2025    */s/ Alessandra Glorioso*
Alessandra Glorioso (DE Bar No. 5757)
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Telephone: 302-425-7171
Email: glorioso.alessandra@dorsey.com
*Attorneys for Defendant Segway Inc.*