

**ALESSANDRA GLORIOSO**
**(302) 425-7166**
**glorioso.alessandra@dorsey.com**

July 15, 2026

**VIA CM/ECF**

Judge Gregory B. Williams
U.S. District Court/Delaware
  Re: *In re Segway Scooter Recall Litigation* - Civil No. 25-cv-00369-GBW

Dear Judge Williams:

  Pursuant to your March 10, 2026, Memorandum Order (D.I. 52), Segway submits this letter brief in support of its Motion to Compel Arbitration (D.I. 39) ("Motion"). The undisputed facts demonstrate that Holmes and Sabu, G30P purchasers, each received their scooters with the "original packaging," which included conspicuous on-the-box notice and/or physical copies of the Limited Warranty and Arbitration Agreement. Further, the undisputed facts demonstrate that Heymer, Torres, and Hanson each received conspicuous notice of the Agreement online. Segway requests oral argument or an evidentiary hearing if not clear for any plaintiff. *See* 9 U.S.C. § 4; D.I. 52 at 7.

  **Legal Standard.** The Court already concluded the law of the forum applies. (D.I. 52 at 5). Under Delaware law, "shrinkwrap agreements," "inside the box agreements," and "clickwrap agreements" are enforceable. *Payne v. Samsung Elecs. Am., Inc.*, 2024 Del. Super. LEXIS 114, at *8 (Del. Super. Feb. 21, 2024); *Austin v. Segway Inc.*, No. 25-1743, 2026 U.S. Dist. LEXIS 64813, at *7-8 (E.D. Penn. Mar. 26, 2026) (applying Delaware law). Inquiry notice is all that is required, and "[o]fferees are on inquiry notice where the notice of the arbitration provision [is] reasonably conspicuous and manifestation of assent unambiguous as a matter of law." *Payne*, 2024 Del. Super. LEXIS 114, at *13. Conspicuousness turns on whether a term is "so written, displayed, or presented that, based on the totality of the circumstances, a reasonable person against which it is to operate ought to have noticed it." 6 *Del. C.* § 1-201(b)(1). "Once there is reasonable notice" of a term, the party is bound even if he failed to read it. *Noble v. Samsung Elecs. Am., Inc.*, 682 Fed. Appx. 113, 116 (3d Cir. 2017).

  **Model G30P—Holmes and Sabu.** Addressing the same circumstances as this case, the Eastern District of Pennsylvania recently found that G30P purchasers are on inquiry notice of the Arbitration Agreement because they encounter the Arbitration Agreement via "a prominent notice" "affixed" to the box and via "a packet containing, among other things, a Limited Warranty booklet, fasteners, and a tool to finish setting up the scooter." *Austin,* 2026 U.S. Dist. LEXIS 64813, at *4-7. "The conspicuous notice on the scooter box, the clear language in the physical copy of the limited warranty booklet that [G30P Purchasers] encounter[] when opening the box, and the 30-day opt-out period collectively suffice to establish that [G30P purchasers] [are] on inquiry notice of the terms and that [they] assented to the terms through using the scooter and through failing to opt-out of the arbitration provision." *Id.* at *7. This Court should reach the same conclusion.[1]

  The undisputed facts demonstrate that every new G30P KickScooter box bears a 4-inch wide

---

[1] The Central District of California, applying California law and without the benefit of arbitral discovery, reached a different result in *Alaoui v. Segway*, Case No. 5:25-cv-01659 (C.D. Cal. June 5, 2026). That decision is on appeal and should not be followed here because of the differences in the procedural posture (no arbitral discovery) and the law (California vs. Delaware). *See id.*; *Chamberlain v. LG Elecs. U.S.A.*, 2017 U.S. Dist LEXIS 117968, at *8-14 (C.D. Cal. June 29, 2017) (explaining why the California standard did not apply in jurisdictions that follow *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147 (7th Cir. 1997)). Delaware follows a separate line of cases, including *Hill*, which should apply here. *See Westendorf v. Gateway 2000, Inc.*, 2000 Del. Ch. LEXIS 54, at *9-10 (Del. Ch. Mar. 16, 2000); *Freitas v. Cricket Wireless, LLC*, 2022 U.S. Dist. LEXIS 10843, at *13-18 (N.D. Cal. Jan. 20, 2022) (distinguishing courts that follow *Hill* (like Delaware) and courts that follow *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017), which the court relied on in *Alaoui).*



sticker on the side of the box stating that the "Arbitration Agreement Shall Apply" with a URL where it may be reviewed. SOF 17-19. Segway's 30(b)(6) witness had "personally use[d] this URL before" and it "direct[ed] [the user] to a PDF online" comprising "the same version [the] consumer receive[d] [as a] paper copy in their package." SOF 20 (D.I. 87), W. Zhao Dep. 36:12-19 (D.I. 88-11). And it is undisputed this "paper copy" was delivered "to all purchasers" in the "very top" of their box "in a packet containing a tool, fasteners, reflective strips, the KickScooter's Quick Start guide, a User Manual, and the Limited Warranty" containing the Arbitration Agreement. SOF 20-27. The fasteners are necessary to assemble the handlebar, meaning a G30P cannot even be used without opening the packet containing the Arbitration Agreement. SOF 25-28. Holmes even admits he received the packet. SOF 30-31, 34-35; C. Holmes Dep. 20:23-21:25 (D.I. 90-1).

These facts demonstrate that Holmes and Sabu had actual or inquiry notice of the Arbitration Agreement. *See Austin*, 2026 U.S. Dist. LEXIS 64813, at *4-7. Holmes received his G30P in the original box (no visual obstructions) with the original packaging, and he literally saw a booklet in the described packet. SOF 29-36, Holmes Dep. 18:13-15, 24:2-6 (D.I. 90-1). Regardless of whether Holmes left the "booklet" "inside the plastic" and discarded it, and regardless of whether he ignored the sticker on the side of the box, the undisputed fact is that he received the Arbitration Agreement, had an opportunity to read it, and did not opt out. SOF 35-37. This is all the law requires. *See Noble*, 682 Fed. Appx. at 116 ("Once there is reasonable notice, a party is bound by those terms, even if he failed to read them . . . ."). Holmes received conspicuous notice. He noticed the booklet but ignored it. *See 6 Del. C.* § 1-201(b)(1) (a term is conspicuous where "a reasonable person . . . ought to have noticed it").

The same is true for Sabu. SOF 38-45. While Sabu contends that the sticker on his unobstructed box was missing (the sticker clearly existed, as the outline and residue remains on the box (*compare* Dep. Ex. 18, Sabu_000018 (D.I. 90-2) *with* SEGWAY000176 (D.I. 88-13)), Sabu also admits he received the "original…packaging," which all plaintiffs concede included a physical copy of the G30P Arbitration Agreement. SOF 21-28, 43; Sabu Decl. ¶¶ 6-8 (D.I. 44-5) (received "original packaging").

Delaware law establishes that this is conspicuous notice. In *Payne*, a phone purchaser was handed the phone he purchased by the salesperson. *Payne*, 2024 Del. Super. LEXIS 114, at *20-22. The box, including the exterior notice and the arbitration agreement inside the box, was enclosed and given to the purchaser in a separate bag. *Id.* Although the purchaser was apparently not required to access the box to use his phone, the Court still found "notice to inquire further." *Id.* The Court explained, "[t]he Court finds it more probable than not that [the purchaser] had access to the booklet. Although [the purchaser] does not address whether the Terms and Conditions booklet was in the box in the bag he received from the sales representative, there appears to be no reason it would not be there. . . . It is [the purchaser's] own inattention in failing to look at the box or the materials contained in it that made him unaware of the contractual relationship into which he was entering . . . ." *Id.*

So too, it is irrelevant that Holmes and Sabu claim they do not remember seeing a sticker or the warranty. They concede that Segway delivered the warranty booklet and Arbitration Agreement in the "original packaging" they each received, SOF 21-28, 30, 34, 43, and "there appears to be no reason it would not be there." *Payne*, 2024 Del. Super. LEXIS 114, *20-22. Regardless of whether the arbitration sticker on the box was missing when Sabu photographed his box, only one method of notice (on-box **or** in-box notice) is required. *See id.* at *21-22 (stating on-box and in-box notices were "**independently** and certainly in combination" **conspicuous** (emphasis added)). Stated otherwise, both plaintiffs admit receiving the original packaging, and all parties agree the original packaging included a paper copy of the Arbitration Agreement. SOF 21-28, 30-35, 43, 151; W. Zhao Decl. ¶ 14 (D.I. 41). Even without an exterior sticker, the undisputed facts demonstrate the booklet was present and accessible, and this is conspicuous notice whether plaintiffs paid attention or not. *See Payne*, 2024 Del. Super. LEXIS 114,



*20-22; *Rinaldi*, 1999 Del. Super. LEXIS 563, at *18 ("The commercial practicalities of modern retail purchasing make it eminently reasonable . . . to place [additional terms] within the plastic packaging.").

**Model G30LP—Heymer, Hanson, and Torres.** Enforcement of the Arbitration Agreement in G30P cases should be an easy conclusion to reach. Admittedly, the G30LP model presents harder questions. Still, Segway makes the warranty and Arbitration Agreement accessible to all purchasers, including G30LP purchasers. And given liberal policies in favor of enforcing arbitration agreements, compelling arbitration of claims related to G30LP purchased KickScooter models is warranted.

"Both the Federal Arbitration Act ('FAA') and Delaware's Uniform Arbitration Act recognize the validity and enforceability of agreements to settle disputes through arbitration rather than by litigation in courts." *Payne*, 2024 Del. Super. LEXIS 114, at *7. "The FAA 'establishes a liberal federal policy favoring arbitration.,'" and "the public policy of Delaware 'favors resolution of disputes through arbitration.'" *Id.* Moreover, Delaware also enforces contracts objectively, asking what an objective, reasonable third party would understand from the parties' words and circumstances. *West v. Vill. Prac. Mgmt. Co., LLC*, 2023 Del. Ch. LEXIS 341, at *2-3 (Del. Ch. Aug. 24, 2023). Here, the G30LP materials notified consumers of the warranty terms, including the Arbitration Agreement, via easily accessible information online: an exterior label directed consumers to "please visit www.segway.com for further information," page 4 of the User Manual displayed a boxed "LIMITED WARRANTY" notice, and Segway's website path from www.segway.com through "support" provided access to a Limited Warranty applicable to Segway KickScooters, including the G30LP. SOF 47, 50, 57, 58, 62. The relevant warranty URLs were active during the pertinent period, including www.segway.com/warranty/information from approximately June 2019 to February 2025 and support.segway.com/service/warranty from November 2023 to March 2025. SOF 59. Purchasers could access the Arbitration Agreement from November 2021 forward at store.segway.com/warranty-information. SOF 60. Taken together, the on-box website direction, the manual's express "LIMITED WARRANTY" callout, and the active online warranty access were sufficient under Delaware's totality-of-the-circumstances standard to put a reasonable purchaser at least on inquiry notice of the Arbitration Agreement within the Limited Warranty. *See* SOF 47, 50, 57-60, 62.

That conclusion applies with particular force to Heymer, Hanson, and Torres. Heymer purchased a G30LP on August 7, 2022, received it in its original box and packaging, reviewed Segway's website before purchase, received the User Manual and warranty documentation, and received documentation stating "Visit www.segway.com for the latest contact information". SOF 66-74. Hanson purchased a G30LP on Amazon on July 3, 2021, received it in its original box and packaging, and used the mobile application with the scooter. SOF 76-80. Torres purchased a G30LP through Amazon on April 27, 2024, reviewed the G30LP on Segway's website before purchase, testified that he ordinarily investigates large purchases, acknowledged that for some prior large purchases he searched warranty terms, activated the G30LP using the Segway-Ninebot mobile app, and had access beginning in 2024 to the app's "Help & Feedback" section containing "Warranty Policy" access. SOF 82-88. These undisputed facts show multiple reasonable and conspicuous touchpoints—packaging, manual, website, and, for Torres, the app—through which the Arbitration Agreement within the Limited Warranty was made available before or in connection with use of the product. SOF 88-89.

**Conclusion.** In sum, the undisputed facts demonstrate that the Court should order arbitration. The Plaintiffs received conspicuous notice, and none of them opted out of arbitration.

Respectfully,
/*s*/ *Alessandra Glorioso* (DE Bar No. 5757)

cc:  All Counsel of Record (via CM/ECF)

3

4938-3940-9595\