

**COOCH AND TAYLOR**

ATTORNEYS ♦ A PROFESSIONAL ASSOCIATION

**R. Grant Dick IV**
gdick@coochtaylor.com

July 15, 2026

<u>Via   CM/ECF</u>
The Honorable Gregory B. Williams
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

**RE:**   **Plaintiffs' Letter Filed Pursuant to March 10, 2026 Memorandum Order [D.I. 52] in** *In re Segway Scooter Recall Litig.*, **Civil Action No. 1:25-cv-00369-GBW.**

Dear Judge Williams:

Defendant's motion to compel is without merit. Last month, Judge Sykes of the Central District of California denied Segway's motion to compel arbitration concerning the same G30P KickScooters, the same product boxes, the same Segway declarant (Mr. Zhao), the same retailer (Amazon.com), and the same Limited Warranty at issue here. *Alaoui v. Segway Powersports, Inc. et al.*, 2026 WL 1658502, at *1-5 (C.D. Cal. June 5, 2026). Another court in the Eastern District of Pennsylvania denied Segway's motion to compel arbitration concerning the same G30LP KickScooters at issue here, based on largely identical arguments and evidence. *Bradsher v. Segway, Inc.*, 2025 WL 2024491, at *1-7 (E.D. Pa. July 17, 2025).[1] The facts here are worse.

**G30LP Boxes Have No Reference To Arbitration**: Plaintiffs Heymer, Torres, and Hanson purchased G30LP KickScooters. Facts 2, 46.[2] G30P and G30LP scooters come in giant boxes, spanning more than three feet tall by about four feet wide. Fact 103. It is undisputed that "[t]he outside of the box for G30LP KickScooters has never identified a limited warranty or an arbitration agreement by name." Fact 112. There is no "arbitration" or "limited warranty" sticker. *Id.*; Facts 113-119. G30LP scooters contain a small sticker on the side of the box that states, in tiny font, "Please visit www.segway.com for further information." Fact 117; Zhao Decl., D.I. 41, ¶ 16. There is not even arguable notice of arbitration. *Bradsher*, 2025 WL 2024491, at *6.

**G30P "Arbitration" Stickers Are Not Conspicuous:** As discussed above, G30P scooter boxes are enormous, more than three feet tall by four feet wide. Fact 103. New Segway G30P scooters (as opposed to used ones) contain a very small sticker on the side of the box referencing a limited warranty and arbitration, with a URL provided. Fact 17. The entire sticker is about 1.5 x 3.5 inches. Ex. 12 at 6-7; Ex. 13. Of that, about one quarter of an inch tall text states "NINEBOT EKICKSCOOTER Max G30P LIMITED WARRANTY AND ARBITRATION AGREEMENT SHALL APPLY AVAILABLE AT: [URL]." *Id*. The text is black, not underlined, and not

---

[1] Although Defendant won a motion to compel arbitration in *Austin v. Segway, Inc.*, 2026 WL 839116, at *1 n.1, *5 (E.D. Pa. Mar. 26, 2026), that case is distinguishable because the plaintiff explicitly alleged that he formed a contract with Segway, relying on express warranty claims. The court noted that plaintiff was trying to "have his cake and eat it too." Here, while the Complaint contains an *implied* warranty claim, the claim arises "by operation of law," not from contract. *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992); *Doughtery v. C.R. Bard, Inc.*, 2012 WL 2940727, at *8 (E.D. Pa. July 18, 2018).
[2] "Facts" refers to the Joint Statement of Undisputed and Disputed Facts, D.I. 87, with the Fact "number" displayed corresponding to the numbering used in the first column of the document.

**The Honorable Gregory B. Williams**                    **Cooch and Taylor, P.A.**
July 15, 2026

otherwise highlighted in any way on the box, appearing as one of three similarly sized stickers on the side of the box. *Id*. The sticker is on the side, and never on the top, bottom, back, or front of the box. Fact 102. It does not cover any seam that would be required to open the box. Fact 104. Consumers can open the box without ever having to tear the sticker, or cut through it, or otherwise rip it, so that they can get inside the box. Fact 105. *See Alaoui*, 2026 WL 1658502, at *3 ("there is no evidence here that the sticker referencing arbitration was placed in such a manner that a consumer could not open the product without encountering it"). There is no evidence any of the Plaintiffs ever saw the sticker. Fact 106. Plaintiff Sabu purchased a used G30P box, which did not contain the referenced sticker at all. Facts 142-146, 148. Further, Segway has not produced any evidence of what the listed URL looked like when any of the Plaintiffs bought their scooters, so any arguments based on notice in the URL are not supported by admissible evidence. Facts 120-122. Segway admits it has no evidence that any of the Plaintiffs ever visited the URL. Fact 123.

**G30LP Limited Warranty Inserts Have No Arbitration Clause:** "All Segway G30LP KickScooters received by Segway from Ninebot in 2022 and after did not contain a limited warranty with an arbitration provision in the box." Fact 111. Plaintiffs Heymer and Torres purchased their G30LP scooters in 2022 and 2024, and Hanson purchased his on July 3, 2021. Fact 2. Segway's 30(B)(6) witness believed that G30LPs sold in *2020* had an arbitration agreement in the warranty booklet, but had no idea when, *if at all*, any G30LPs sold in *2021* had arbitration agreements. Fact 52; Segway 30(b)(6) Dep. at 59:8-62:5 (Ex. 11). No Plaintiffs purchased a G30LP containing a limited warranty with an arbitration provision inside. Indeed, Segway does not dispute that Heymer's limited warranty, which he photographed and produced, does not contain an arbitration provision, as it is the European version, not the U.S. version. Facts 71, 158.

**G30P Limited Warranty Inserts Do Not Provide Notice Of Arbitration:** For G30P scooters, the Limited Warranty is contained in a closed packet within the box, not as a solo item that is immediately obvious. Facts 107, 108. The contents within the packet may be in random order, with irrelevant documents on top, such as a "Quick Start Guide." Fact 107. Consumers can set up their scooters without taking the booklets (like the Limited Warranty) out of the packet. Facts 108, 110. There is no evidence any Plaintiff took the Limited Warranty out of the packet. Facts 109, 147, 151, 154. For instance, Plaintiff Holmes took the charger out of the packet, but not any of the other materials or documents that may have been in the packet. Fact 154.

The Limited Warranty does not mention arbitration on the front page, does not say that consumers are giving up rights, or that it is anything but Segway's warranty to consumers. Ex. 15. The front page says nothing about what, if anything, consumers must do to be bound by any terms inside. *Id*. There is no table of contents listing an arbitration or dispute resolution provision. *Id*. None of the Plaintiffs saw the Limited Warranty booklet. Facts 147, 151. Even if they had seen it, "[f]rom a reasonable person's perspective, based on the language contained in the introductory paragraph, the Limited Warranty booklet concerned Plaintiff[s'] rights regarding the warranty available to [them]." *Alaoui*, 2026 WL 1658502, at *4. "The booklet indicates that it contains safety information and the seller's warranty, which constitutes the seller's 'affirmation of facts or promise' relating to the [scooter]." *Id*. (cleaned up). "Thus, a reasonable person in Plaintiff[s'] position would not be on notice that the [booklet] contained a freestanding obligation outside the scope of warranty ... [or] that receiving the seller's warranty and failing to opt out of an arbitration provision contained within the warranty constituted assent to a provision requiring arbitration of all claims against the seller, including claims not involving the warranty.'" *Id*. (quoting *Norcia v.*

**The Honorable Gregory B. Williams**                                  **Cooch and Taylor, P.A.**
July 15, 2026

*Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1289-90 (9th Cir. 2017)). "[B]uyer[s] like Plaintiff[s] [are] not bound by inconspicuous contractual provisions of which [they] [were] unaware, contained in a document whose contractual nature is not obvious." *Id*.

**The Product Manuals Provide No Notice Of Arbitration:** The user manuals inside G30LPs may have contained stray references to a "limited warranty." Facts 50, 114. However, the user manual for G30LPs does not provide a link or URL to the Limited Warranty. Fact 115. Nor is arbitration ever mentioned or implied therein. Exs. 26-28. The manuals do not provide notice as a matter of law. *Bradsher*, 2025 WL 2024491, at *5-6. There is no evidence that any of the Plaintiffs read the user manual in any case. *See, e.g.*, Fact 160.

**Segway.com Does Not Contain Limited Warranties or Arbitration Agreements:** Segway argues that consumers would have seen the Limited Warranty containing an arbitration agreement if they went to segway.com, the website listed on the G30LP box sticker. But G30LP boxes (and their stickers) do not mention that the Limited Warranty might be on segway.com, or that an arbitration provision might be on segway.com. Facts 118, 119. The sticker does not provide notice as a matter of law. *Bradsher*, 2025 WL 2024491, at *5-6. The Limited Warranty and arbitration agreements are not on segway.com, but rather must be found by extremely inquisitive consumers clicking on the "support" tab on the website. Fact 125. Even consumers utilizing the "search bar" on the website would not find these documents. Fact 126. In any case, it is undisputed that Plaintiffs never saw a Limited Warranty or arbitration agreement online, on Segway's website or otherwise. Facts 138-139, 142-143, 149, 152, 156-157, 162, 166-167.

**No Relevant Retailer Websites Contain Arbitration Provisions:** Segway argues that Plaintiffs were on notice of arbitration on retailer websites like amazon.com. However, it is *undisputed* that Segway does not know whether limited warranties or arbitration provisions were *ever* mentioned on any retailer website between 2019 through October 2025, or when Plaintiffs purchased the products. Facts 127-133. In *Alaoui*, Segway at least produced evidence of what the amazon.com webpage looked like in 2020, but Judge Sykes found that the website as it existed in 2020 did not put consumers on notice of the Limited Warranty or arbitration. *Alaoui*, 2026 WL 1658502, at *3-4. Here, Segway states that it has no idea what amazon.com looked like at any time up to November 2025, well after all the Plaintiffs purchased their products. Facts 127-128.

**No Arbitration Notice in the Segway App:** Segway may argue that, *after* purchase, some Plaintiffs may have used the Segway app and may have been exposed to the Limited Warranty therein. It is undisputed that "[t]he front screen of the Segway mobile app does not make any mention of the warranty policy or arbitration provision." Fact 135. According to Segway, at some point in *2024*, Segway's mobile app added a "Help & Feedback" section. Facts 51, 89, 136. If a user clicked the "Help & Feedback" section from the app's home screen, they would be taken to another screen that, *inter alia*, contained a link to a Limited Warranty. *Id*. Notably, Holmes, Heymer, and Hanson purchased and set up their scooters prior to 2024. Fact 2. Only Sabu and Torres bought their scooters in 2024. *Id*. There is no evidence that any of the Plaintiffs ever visited the Help & Feedback section of the app. *See, e.g.*, Fact 164.

Respectfully submitted,
 /s/ R. Grant Dick IV
R. Grant Dick IV (#5123)

cc:  All counsel of record via CM/ECF

3