**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE SEGWAY SCOOTER RECALL LITIGATION | C.A. No. 25-cv-00369-GBW CONSOLIDATED |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR REARGUMENT RE COURT'S
JULY 31, 2026 MEMORANDUM ORDER, D.I. 94**

Dated: August 3, 2026

**COOCH AND TAYLOR, P.A.**
R. Grant Dick IV (#5123)
Kevin D. Levitsky (#7228)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-984-3800
Email:  gdick@coochtaylor.com
          klevitsky@coochtaylor.com

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. LEGAL STANDARDS ........................................................................................... 2

III. DEFENDANT'S MOTION SHOULD BE DENIED IN FULL................................ 3

     A.     The Court Applied The Wrong States' Laws .......................................... 3

     B.     Defendant Failed To Provide Notice Of Bilateral Terms ....................... 7

     C.     The Notice Failed To State What Conduct Constitutes Acceptance ...... 9

V. CONCLUSION ....................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Am.'s Test Kitchen, LP*,
  680 F. Supp. 3d 31 (D. Mass. 2023)..................................................................................... 10

*Adobe Inc. v. Marsh Funding LLC*,
  2024 WL 4751426 (D. Del. Nov. 12, 2024)............................................................................ 2

*Alaoui v. Segway Powersports, Inc. et al.*,
  2026 WL 1658502 (C.D. Cal. June 5, 2026)...................................................................... 2, 6

*Amgen Inc v. Amneal Pharms. LLC*,
  2021 WL 4843959 (D. Del. Oct. 18, 2021)............................................................................ 2

*Ampro Computs., Inc. v. LXE, LLC*,
  2017 WL 877301 (D. Del. Mar. 6, 2017)............................................................................... 3

*Ballou v. Asset Mktg. Servs., LLC*,
  46 F.4th 844 (8th Cir. 2022)................................................................................................... 5

*Chamberlain v. LG Electronics U.S.A., Inc.*,
  2017 WL 3084270 (C.D. Cal. June 29, 2017)........................................................................ 5

*Corning Inc. v. SRU Biosystems*,
  2006 WL 155255 (D. Del. Jan. 20, 2006) .............................................................................. 2

*Focus Fin. Partners, LLC v. Holsopple*,
  241 A. 3d 784 (Del. Ch. 2020) .............................................................................................. 3

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Lit.*,
  298 F. Supp. 3d 1285 (N.D. Cal. Mar. 30, 2018) ............................................................... 5, 8

*Kaufman v. Am. Exp. Travel Related Servs. Co., Inc.*,
  2008 WL 687224 (N.D. Ill. Mar. 7, 2008) ......................................................................... 8, 10

*Maniscalco v. Brother Intn'l (USA) Corp.*,
  709 F.3d 202 (3d Cir. 2013) ................................................................................................... 4

*Max's Seafood Cafe ex. rel. Lou-Ann, Inc. v. Quinteros*,
  176 F. 3d 669 (3d Cir. 1999) ................................................................................................. 2

*Noble v. Samsung Elecs. Am, Inc.*,
  682 Fed. Appx. 113 (3d Cir. 2017)...................................................................................... 7, 9

*Norcia v. Samsung Telecommunications Am., LLC*,
845 F.3d 1279 (9th Cir. 2017) ..................................................................................Passim

*Pa. Emp. Benefit Trust Fund v. Zeneca, Inc.*,
710 F. Supp. 2d 458 (D. Del. May 6, 2010) ......................................................... 3, 4, 6

*Payne v. Samsung Electronics Am. Inc.*,
2024 WL 726907 (Del. Sup. Ct. Feb. 21, 2024)..................................................... 9, 10

*Vasadi v. Samsung Electronics Am., Inc.*,
2021 WL 5578736 (D.N.J. Nov. 29, 2021) ........................................................ 7, 9, 10

*Weiss v. Nw. Broad. Inc.*,
140 F. Supp. 2d 336 (D. Del. Apr. 18, 2001) ............................................................. 3

*Westerkamp v. Samsung Elecs. Am., Inc.*,
2023 WL 4172967 (D.N.J. June 26, 2023).......................................................... 9, 10

**Other Authorities**

Local Rule 7........................................................................................................... 2

U.C.C. § 2-207 ....................................................................................................... 5

## I.    INTRODUCTION

The Court's July 31, 2026 Memorandum Order, D.I. 94, concerning Defendant's motion to compel arbitration contained an error of law based, in part, on a misunderstanding or misapprehension of Plaintiffs' position. In opposing Defendant's motion to compel arbitration, Plaintiffs argued at length that under relevant choice of law rules the law of each Plaintiff's home state should decide the issue of contract formation and arbitration here, instead of Delaware law. Under applicable choice of law rules, the Court was required to ask first 1) whether the laws between Delaware and Plaintiffs' home states conflict and, if they do, 2) determine which state has the most significant interest. Plaintiffs argued that there were material differences in law and argued that each Plaintiffs' home state law should apply because they have the most significant interest in this dispute. Plaintiffs noted, however, that ultimately the difference between state law may not matter because Plaintiffs believed that arbitration is not proper under *any* state law, including Delaware law.

The Court, however, took Plaintiffs' position that they should prevail under any state law to mean that they do not object to the application of Delaware law here. Relying on that incorrect reading of Plaintiffs' position, and given that Defendant argued for the application of Delaware law, the Court applied Delaware law to all Plaintiffs without actually conducting the necessary tests to determine whether the various state laws conflict and which states have the most significant interests. Critically, with respect to Plaintiff Sabu, who purchased his G30P KickScooter in California, the Court noted that California law "differs *materially* from Delaware law with respect to in-the-box contracts." Memorandum Order, D.I. at 11 (emphasis added). Having found that the laws between California and Delaware were materially different, the Court should have, but failed to, consider which state has a more significant interest to this litigation. Indisputably, the state with

1

the most significant interest here is California, at least with respect to Plaintiff Sabu. And under California law, as held in *Alaoui v. Segway Powersports, Inc. et al.*, 2026 WL 1658502, at *1-5 (C.D. Cal. June 5, 2026), Defendant's motion to compel arbitration should be denied. Indeed, it is difficult to imagine a scenario with a bigger conflict than here, where, according to the Court's order, application of Delaware law would result in a finding of an agreement to arbitrate, but application of California law would come out to the opposite conclusion.

As discussed below, the Court also failed to consider two other critical questions of law and fact. The Court failed to consider whether the relevant sticker and warranty booklet provided notice of bilateral terms, and whether they provided notice of what conduct constituted acceptance. Consideration of both issues compels the denial of Defendant's motion.

## II.    LEGAL STANDARDS

"The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." *Amgen Inc v. Amneal Pharms. LLC*, 2021 WL 4843959, at *1 (D. Del. Oct. 18, 2021) (citation omitted). "Motions for re-argument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Adobe Inc. v. Marsh Funding LLC*, 2024 WL 4751426, at *3 (D. Del. Nov. 12, 2024) (quoting *Amgen*, 2021 WL 4843959, at *1). Similarly, reconsideration is appropriate when the moving party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex. rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999). "Motions for re-argument shall be sparingly granted." D. Del LR 7.1.5(a); *see also Corning Inc. v. SRU Biosystems*, 2006

2

WL 155255, at *3 n.1 (D. Del. Jan. 20, 2006) ("Reargument, like reconsideration, is granted sparingly."). The proponent of the motion carries the burden. *See Ampro Computs., Inc.* v. LXE, LLC, 2017 WL 877301, at *2 (D. Del. Mar. 6, 2017).

## III.    DEFENDANT'S MOTION SHOULD BE DENIED IN FULL

### A.    The Court Applied The Wrong States' Laws

"A federal district court sitting in diversity must apply the choice of law rules of the state in which it sits to determine which state's law governs the controversy before it." *Weiss v. Nw. Broad. Inc.*, 140 F. Supp. 2d 336, 342 (D. Del. Apr. 18, 2001). "Delaware's choice of law approach entails a two-pronged inquiry." *Pa. Emp. Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 466 (D. Del. May 6, 2010). "First, it is necessary to compare the laws of the competing jurisdictions to determine whether the laws actually conflict on a relevant point." *Id*. "Second, if it is determined that an actual conflict exists, Delaware employs the 'most significant relationship' test, as set forth in the Restatement (Second) of Conflict of Laws (the 'Restatement'), in order to determine which law should apply." *Id. See also Focus Fin. Partners, LLC v. Holsopple*, 241 A. 3d 784, 804-05 (Del. Ch. 2020) (delineating factors to consider under "most significant relationship" test). Under the "most significant relationship" test, the most critical factors include a) the place of contracting, b) the place of negotiation of the contract, c) the place of performance, d) the location of the subject matter of the contract, and e) the domicile, residence, nationality, place of incorporation and place of business of the parties. *Holsopple*, 241 A. 3d at 805.

In consumer cases, such as here, the state where a consumer purchases the product typically has the most significant relationship, as it is the state where a consumer is injured (loses money), the place where consumers rely to their detriment, the state where the conduct is directed, and the place where the sale is consummated. *See, e.g., Maniscalco v. Brother Intn'l.*

3

*(USA) Corp.*, 709 F.3d 202, 208-209 (3d Cir. 2013). This is particularly true here given that Defendant's sole connection to the District of Delaware is the fact that it is incorporated here. Consolidated Class Action Complaint ("CCAC"), D.I. 34, ¶ 18. Indeed, Defendant's headquarters were in *California* during the class period when Plaintiffs made the purchases at issue. *Id*. Accordingly, for Plaintiff Sabu, the state with the most significant relationship is clearly California, as he purchased the product in California and resides in California. CAC ¶ 10. For Holmes, the state with the most significant relationship is New York, as Homles purchased the product while in New York and is a New York resident. CAC ¶ 12. Delaware has an extremely minimal relationship to or interest with this dispute, as its only connection is Defendant's state of incorporation. *See, e.g., Pa. Emp. Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 472-477 (D. Del. 2010) (finding that Pennsylvania, New York, and Michigan law applied in a consumer dispute even where representations were made in Delaware and defendant was incorporated in Delaware). Accordingly, so long as an "actual conflict exists" between California and New York law with the law in Delaware concerning contract formation as applied here, California and New York law should apply.

> In Plaintiffs' opposition to the motion to compel, Plaintiffs made these same arguments:

> Defendant's motion applies Delaware law to the issue of contract formation without any discussion of choice of law. Defendant makes no attempts to evaluate whether a conflict exists amongst the various states, or whether one state may have a more significant interest than any of the others. Before discussing conflict, Plaintiffs note that it is obvious that Delaware does *not* have the most significant interest here. Plaintiffs are residents of California, New York, Massachusetts, and Illinois, they purchased their products while located in those states, they lost money as a result in those states, the Products were shipped to them in those states, and all interactions Plaintiffs had with the Products and any packaging those Products came in occurred in those states. No material conduct whatsoever occurred in Delaware. Rather, these actions are pending in Delaware because Defendant is incorporated here and this Court has general jurisdiction over Defendant. Defendant's United States

4

headquarters appears to have been in California during the class period and then relocated to Texas. *See* Compl., Dkt. 34 ¶ 18. Defendant may have a decent argument that *California* may have the most significant relationship because Defendant was headquartered there during the class period, and some Plaintiffs are located there.

P's Opp., D.I. 43, at 11. As they do here, Plaintiffs argued that in consumer class actions where a defendant seeks to compel arbitration, "the law of each Plaintiff's home state controls." *Id*. (citing *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Lit.*, 298 F. Supp. 3d 1285, 1289 (N.D. Cal. Mar. 30, 2018)).

Plaintiffs took the position that, ultimately, what state law controls does not matter because they believe that no contract was formed under "*any* of the relevant states: Delaware, California, New York, Illinois, and Massachusetts." *Id*. at 12 (emphasis in original). Plaintiffs argued, however, that "the laws of these states as to 'shrinkwrap' agreements differ significantly." *Id*. For instance, Plaintiffs pointed out that Judge Michael W. Fitzgerland found that a "shirkwrap" agreement on the outside of the box, and inside the box, of a cellular telephone would not bind California consumers under California law, but would bind consumers in other states like New York, Washington, and Florida under those states' laws." *Id*. (citing *Chamberlain v. LG Electronics U.S.A., Inc.*, 2017 WL 3084270, at *5 (C.D. Cal. June 29, 2017)). That is because California courts "have made clear that silence alone does not constitute assent." *Id*. (citing *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1290 (9th Cir. 2017)). "There is also significant disagreement amongst the various states, and a Circuit split, of whether a buyer in a consumer transaction is the 'offeror' or the 'offeree,' and whether U.C.C. § 2-207 applies to shrinkwrap agreements." *Id*. (citing *Ballou v. Asset Mktg. Servs., LLC*, 46 F.4th 844, 855 (8th Cir. 2022) (discussing disagreement and citing caselaw)).

In its July 31, 2026 Order, the Court applied Delaware law to the question of arbitration

5

"since the parties do not raise any conflict of law or otherwise object to the application of Delaware law." Order, D.I. 94 at 7 n. 3. That is neither correct nor in congruity with the law. As discussed above, Plaintiffs have always argued that the application of each Plaintiffs' home state law should apply, and identified specific conflicts within the law. They even cited to *Chamberlain* for the purpose of explaining that shrinkwrap decisions come out differently depending on which state law applies, with California law being more favorable to Plaintiffs.

Further, the Court found that California law "differs materially from Delaware law with respect to in-the-box contracts." *Id*. at 11. Having found that there is a "material," or "actual," conflict between California and Delaware law, the Court was *required* to apply California law as to Plaintiff Sabu given that there is no dispute that California has the most significant relationship to these claims. *Pa. Emp. Benefit Trust Fund*, 710 F. Supp. 2d at 466. Plaintiffs did not somehow waive or agree to the application of Delaware law given that they argued from the start that the state of each Plaintiffs' purchase should apply, and given that they identified material differences in their opposition brief.

Critically, there is effectively no dispute that under California law Plaintiff Sabu cannot be compelled to arbitration. Applying California law as set out in *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279 (9th Cir. 2017), the court in *Alaoui v. Segway Powersports, Inc. et al*., 2026 WL 1658502, at *1-5 (C.D. Cal. June 5, 2026) found that the plaintiff there is not bound by arbitration. Respectfully, the Court's failure to apply *Alaoui* and *Norcia* here is clear error, given that *Alaoui* applied California law, and this Court should have as well. *See* Order, D.I. 11-12 (discussing *Alaoui and Norcia*). After all, *Alaoui* involved the same G30P KickScooter purchased by Plaintiff Sabu, the same product box, the same Segway declarant (Mr. Zhao), the same retailer (Amazon.com), and the same Limited Warranty at issue

6

here. And here, the box received by Plaintiff Sabu did not even contain an arbitration sticker. Joint Statement of Undisputed and Disputed Facts, D.I. 87, at 144-146, 148.

### B.      Defendant Failed To Provide Notice Of Bilateral Terms

As discussed in the opening brief, even where a Court finds that notice is conspicuous (which Plaintiffs dispute here), the *content* of the notice must notify consumers that they may be subject to a *bilateral* contract that would bind them, as well as the company. Opp. Br., D.I. 43, at 15-16. *See Noble v. Samsung Elecs. Am, Inc.*, 682 Fed. Appx. 113, 116 (3d Cir. 2017) (analyzing whether shrinkwrap language indicated "that it was a bilateral contract"); *Vasadi v. Samsung Electronics Am., Inc.*, 2021 WL 5578736, at *10 (D.N.J. Nov. 29, 2021) (inquiring whether notice "sets forth a bilateral, binding agreement"). The Court's July 31, 2026 Order is silent on this issue, and only considered whether there was sufficient "inquiry" notice. But that begs the question: inquiry notice of *what*? A shrinkwrap agreement alerting a consumer about the presence of a product warranty does not provide notice about a *bilateral* agreement because warranties solely impose obligations on the *seller*, not on the *buyer*. *Norcia*, 845 F.3d at 1288 (holding that a reasonable person would not understand that there are bilateral contract obligations when the language is couched in terms of warranties, which run from the seller to the buyer"); *Noble*, 682 Fed. Appx. at 116-17 (holding that notice of a "Health and Safety and Warranty Guide" and "End User License Agreement for Software" provide "no indication" or "hint" that "it was a bilateral contract guide.").

As discussed in Plaintiffs' opposition brief, the Court should have inquired whether the notice language necessarily implies a bilateral contract, such as by using "Terms and Conditions." *See, e.g., Noble*, 682 Fed. Appx. at 116 (notice does not signify bilateral contract in part because it did not mention that it "included any terms and conditions"); *Vasadi*, 2021 WL 5578736, at *10 ("the pamphlet's cover page identifies it as 'Terms and Conditions,' words that

are unambiguously associated with contracts"); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Lit.*, 298 F. Supp. 3d at 1294 ("As [*Norcia*] emphasized, a reasonable person would not understand that there are bilateral contract obligations when the language is couched in terms of warranties, which run from the seller to the buyer. Here, the text on the boxes uses classic contractual language by giving users notice of additional *terms* and *conditions*.") (cleaned up); *Kaufman v. Am. Exp. Travel Related Servs. Co., Inc.*, 2008 WL 687224, at *6 (package instructing readers to "see Terms and Conditions" was a "term likely to be afforded more weight than 'information' by the average consumer").

Here, the stickers on G30P KickScooters only mention arbitration in the context of a Limited Warranty. Zhao Decl. ¶ 11 ("NINEBOT EKICKSCOOTER Max G30P LIMITED WARRANTY AND ARBITRATION AGREEMENT SHALL APPLY"). Consumers have no reason to think that any putative arbitration agreement would apply to anything *other than warranty claims*, which are not bilateral in nature. *See, e.g., Norcia*, 845 F.3d at 1288 n. 3 (holding that "Samsung may be able to require Norcia to arbitrate claims arising out of the Standard Limited Warranty contained in the Product Safety & Warranty Information brochure," but not any other claims). There is no use of typical bilateral terms that would put a reasonable consumer on notice of mutual terms, such as "Terms and Conditions Apply."

Assuming for the sake of argument that a consumer happened to go to the referenced website, or find the Limited Warranty booklet inside, they would still not be presented with any bilateral terms. The front page of the Limited Warranty booklet exclusively talks about the Limited Warranty – there is no mention that bilateral "terms and conditions" may apply. Nor is there any mention of arbitration. The first sentence starts, "This is the manufacturer's limited warranty." There is no reason consumers would have any expectation of bilateral terms from

either the title of the Limited Warranty or anything on the cover. Even if customers flipped to the next few pages to look for an index, they would not find one. There is nothing in the initial pages of the Limited Warranty instructing consumers to look to other terms and conditions, or referencing any arbitration agreement. Only if a consumer got to page six, they would see a section called "Claims and Dispute Resolution," which contains an arbitration agreement. But a consumer would have no reason to think, based on the title of the section, that it would apply to anything other than warranty claims. Indeed, even the title of the section fails to mention arbitration. Accordingly, contract formation fails for lack of notice. All of Defendant's and the Court's top-cited cases are in accord. *See, e.g., Noble*, 682 Fed. Appx. at 116; *Vasadi*, 2021 WL 5578736, at *10; *Payne v. Samsung Electronics Am. Inc.*, 2024 WL 726907, at *4 (Del. Sup. Ct. Feb. 21, 2024); *Westerkamp v. Samsung Elecs. Am., Inc.*, 2023 WL 4172967, at *1 (D.N.J. June 26, 2023) (outside box mentioned "terms and conditions (including an arbitration agreement)").

### C.      The Notice Failed To State What Conduct Constitutes Acceptance

The Court also failed to consider whether the Limited Warranty and sticker (assuming, as the Court found, that consumers received inquiry notice of their existence) identified what conduct constitutes acceptance for a consumer to be bound by shrinkwrap. *See, e.g., Norcia*, 845 F.3d at 1287 (stating that shrinkwrap might have applied if the notice language stated that "opening the box would be considered agreement"); *Vasadi*, 2021 WL 5578736, at *4, 9 (holding notice sufficient where the cover page stated that the terms and conditions would be deemed accepted if consumer "opens the package, keeps or uses the phone, or indicates electronic acceptance"); *Payne*, 2024 WL 726907, at *4 (notice sufficient where front page of booklet stated "Electronic acceptance, opening the Product packaging, use of the Product, or retention of the Product constitutes acceptance of these Terms and Conditions"); *Adams v. Am.'s Test Kitchen, LP*, 680 F.

9

Supp. 3d at 37 (D. Mass. 2023) (not contract formed in part because pressing the button "START FREE TRIAL" was not obvious to a consumer to be an action that binds them to terms and conditions); *Kaufman*, 2008 WL 687224, at *6 ("Intent to accept would be clearer if the Gift Card or packaging had alerted the holder that use of the card constituted acceptance of the Agreement or if Kaufman had to call a 1-800 number and press one to acknowledge his acceptance").

Here, none of the relevant "notices" provide any language suggesting how a consumer would be bound: *i.e.*, whether by opening the packaging, using the Products, or keeping the Products beyond a certain time. The G30P sticker states, "Limited Warranty and Arbitration Agreement shall apply." That does not provide a consumer with notice of what conduct they must perform to manifest assent. The Limited Warranty booklet is the same: there is nothing on the cover page indicating what conduct, if any, a consumer must perform to assent to the terms. Nor is there anything on the first few pages notifying consumers of what conduct they must perform to assent. There can be no manifestation of assent if consumers are not told what conduct would be deemed assent. Again, each of Defendant's cited cases is in accord. *See, e.g., Vasadi*, 2021 WL 5578736, at *1 ("If you use or retain the device, you accept Samsung's Terms and Conditions"); *Payne*, 2024 WL 726907, at *4 (outside box stating if consumers "use or retain" their phones they would "accept Samsung's Terms and Conditions including an Arbitration Agreement"); *Westerkamp*, 2023 WL 4172967, at *1 (outside box stating, "if you open the package, use or retain the device, you accept the terms and conditions").

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for reargument and find that none of the Plaintiffs are subject to arbitration.

10

Dated:  August 3, 2026

*/s/ R. Grant Dick IV*

R. Grant Dick IV (#5123)
Kevin D. Levitsky (#7228)
**Cooch and Taylor P.A.**
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-984-3800
Email: gdick@coochtaylor.com
       klevitsky@coochtaylor.com

Yeremey O. Krivoshey (admitted *pro hac vice*)
**Smith Krivoshey, PC**
28 Geary Street, Suite 650 # 1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: 888-410-0415
Email: yeremey@skclassactions.com

Joel D. Smith (admitted *pro hac vice*)
**Smith Krivoshey, PC**
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: 888-410-0415
Email: joel@skclassactions.com

Mason A. Barney*
Leslie L. Pescia (admitted *pro hac vice*)
**SIRI | GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Main: 212-532-1091
Facsimile: 646-417-5967
mbarney@sirillp.com
lpescia@sirillp.com

Kevin Laukaitis (admitted *pro hac vice*)
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, Puerto Rico 00907
Phone: (215) 789-4462
klaukaitis@laukaitislaw.com

* pro hac vice forthcoming

*Attorneys for Plaintiffs and the Proposed Class*

11