**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE SEGWAY SCOOTER RECALL LITIGATION

C.A. No. 25-cv-00369-GBW
CONSOLIDATED

**DEFENDANT'S BRIEF IN ANSWER TO PLAINTIFFS' MOTION FOR REARGUMENT RE COURT'S JULY 31, 2026 MEMORANDUM ORDER, D.I. 94**

Dated: August 17, 2026.

Alessandra Glorioso (DE Bar No. 5757)
DORSEY & WHITNEY LLP (DELAWARE)
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone: (302) 425-7171
Fax: (302) 425-7177
Email: glorioso.alessandra@dorsey.com

**TABLE OF CONTENTS**

I. SUMMARY ..... 1

II. BACKGROUND ..... 1

III. STANDARD OF REVIEW ..... 3

IV. ARGUMENT ..... 4

A. Plaintiffs Waived Their Choice-of-Law Argument ..... 5

B. A Substantive Choice-of-Law Analysis Would Show Delaware Law Applies ..... 6

C. Regardless of the Applicable Law, the Court Should Compel Arbitration ..... 8

V. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*,
800 F. Supp. 2d 613 (D. Del. 2011)....4

*Alaoui v. Segway Powersports, Inc.*,
No. 5:25-cv-01659-SSS-SPx, 2026 LX 204520 (C.D. Cal. June 5, 2026)....3, 8, 9

*Bassett v. Elec. Arts, Inc.*,
93 F. Supp. 3d 95 (E.D.N.Y. 2015)....8

*Blystone v. Horn*,
664 F.3d 397 (3d Cir. 2011)....4

*Debbs v. CDK Fund I SPV LLC*,
No. 25-205-RGA, 2026 LX 39159 (D. Del. Feb. 27, 2026)....4

*Edelist v. MBNA Am. Bank*,
790 A.2d 1249 (Del. Super. Ct. 2001)....8

*Glover v. Bob's Disc. Furniture, LLC*,
621 F. Supp. 3d 442 (S.D.N.Y. 2022)....8

*Henderson v. Your Kar Express Rentals, Inc.*,
2009 Del. Super. LEXIS 229 (Del. Super. June 30, 2009)....7

*Kaufman v. Am. Express Travel Related Servs. Co.*,
2008 U.S. Dist. LEXIS 18129 (N.D. Ill. Mar. 7, 2008)....10

*Lee v. Choice Hotels Int'l, Inc.*
2006 Del. Super. LEXIS 154 (Del. Super. Mar. 21, 2006)....7

*Marquinez v. Dole Food Co.*,
No. 12-695-RGA, 2020 U.S. Dist. LEXIS 171294 (D. Del. Sep. 18, 2020)....7

*Mkritch Daibyan v. Citibank, N.A.*,
No. CV 23-09962-MWF (Ex)....10

*New Balance Ath., Inc. v. USA New Bunren Int'l Co. LLC*,
No. 17-1700 (MN), 2020 U.S. Dist. LEXIS 170904 (D. Del. Sep. 18, 2020)....6

*Noble v. Samsung Elecs. Am., Inc.*,
682 F. App'x 113 (3d Cir. 2017)....9

*Norcia v. Samsung Telcoms. Am., LLC*,
845 F.3d 1279 (9th Cir. 2017) ....................9

*Pickering v. Teladoc Health Inc*.,
C.A. No. 24-445-RGA-SRF, 2025 U.S. Dist. LEXIS 195159 (D. Del. Oct. 1, 2025) ....................5, 6, 7

*In re Robeson Indus. Corp.*,
178 F.3d 160 (3d Cir. 1999)....................7

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
298 F. Supp. 3d 1285 (N.D. Cal. 2018) ....................9, 10

*Sateriale v. R.J. Reynolds Tobacco Co.*,
697 F.3d 777 (9th Cir. 2012) ....................10

*Schering Corp. v. Amgen, Inc.*,
25 F. Supp. 2d 293 (D. Del. 1998)....................7

*Sentient Sensors, LLC v. Cypress Semiconductor Corp.*,
No. 19-1868 (MN), 2021 U.S. Dist. LEXIS 93222 (D. Del. May 17, 2021) ....................4

*Spinal Generations, LLC v. Depuy Synthes, Inc.*,
No. 22-1368-CFC, 2025 LX 632700 (D. Del. Nov. 26, 2025)....................4

*Thomas v. Emig*,
No. 23-1069 (GBW), 2025 LX 114765 (D. Del. June 9, 2025) ....................5

*United States v. McGlory*,
202 F.3d 664 (3d Cir. 2000)....................4

*Vasadi v. Samsung Elecs. Am., Inc.*,
No. 21-10238-WJM-AME, 2021 U.S. Dist. LEXIS 228899 (D.N.J. Nov. 29, 2021) ....................9

*Wheeler v. LG Elecs., USA, Inc.*,
No. 1:22-cv-00459-NODJ-BAM, 2024 U.S. Dist. LEXIS 2029 (E.D. Cal. Jan. 3, 2024) ....................10

**Other Authorities**

Federal Rule of Civil Rule 59(e)....................4

Local Rule 7.1.5 ....................1, 3, 4, 5

## I. SUMMARY

Plaintiffs' motion for reargument does not identify any intervening change in law, newly discovered evidence, or clear error in the Court's decision. It is an untimely and repackaged attempt to relitigate the governing law after having disclaimed the need for a conflict of law analysis in the first place. This is an improper use of Local Rule 7.1.5, and Plaintiffs' motion should be denied as untimely. Additionally, it fails to meet the standard for reargument.

Even if the Court were to consider the merits of Plaintiffs' arguments, the Court's ruling on Segway's motion to compel arbitration should not change. Indeed, a choice-of-law analysis would show that Delaware law governs, but even applying another state's law would result in the same outcome. Thus, there is no reason to spend further time and judicial resources engaging in a complex choice-of-law analysis that ultimately would not change the Court's decision.

## II. BACKGROUND

Plaintiffs allege that Segway sold defective Segway Ninebot Max G30P and Max G30LP KickScooters (the "KickScooters") and claims they are "deceptively dangerous." Consol. Compl. ("Compl.") ¶ 1 (D.I. 34). As part of a Consumer Product Safety Commission Recall, Segway allegedly told its customers to stop using their KickScooters, while refusing to provide a refund. *Id.* ¶¶ 2-3. As described in Segway's opening brief in support of its motion to compel arbitration (D.I. 40 at 7), Plaintiffs' claims are inaccurate.

Nonetheless, the lawsuit claims Segway misled its customers by advertising the KickScooters "with safety features" and marketing them "as steady and safe." Compl. ¶ 27. Plaintiffs allege that "[t]hese representations were made everywhere the [KickScooters] were sold, including on Amazon.com, Segway.com, and on the [KickScooters'] packaging in brick-and-mortar stores like Best Buy." *Id.* Plaintiffs state that they would not have bought the KickScooters

"if the Defect had been disclosed." *Id.*

Plaintiffs purport to represent a nationwide class of "all persons in the United States who purchased" a KickScooter, in addition to various multi-state and individual state subclasses. *Id.* ¶ 53. They allege that common legal and factual questions include "[w]hether Defendant knew or should have known of the Defect" and "[w]hether Defendant failed to disclose and concealed the existence of the Defect." *Id.* ¶ 57. They assert eleven causes of action under various states' consumer protection laws. *Id.* ¶¶ 69, 89, 102, 113, 126, 136, 154, 169, 176, 188, 196. Additionally, all of their causes of action (other than counts four to six) claim that Segway had knowledge of alleged misrepresentations to consumers. *Id.* ¶¶ 70, 87, 101, 157, 170, 178, 189, 202.

Central to the allegations in the Complaint concerning Segway's representations, Plaintiffs claim to have reviewed "the Product's packaging, labeling, [and] other information surrounding the Product" in conjunction with their purchases. Compl. ¶ 9. Further, they admit knowledge of the Limited Warranty, as they claim to rely upon Segway "warranty claim data." *Id.* ¶ 35.

Given the presence of the Limited Warranty, which contains an arbitration clause, Segway moved to compel arbitration against all Plaintiffs in this action. (D.I. 15). The parties initially briefed the motion in May-July 2025. (D.I. 16, 19, 28). After Plaintiffs filed a Consolidated Complaint, the parties submitted a second round of briefing in November-December 2025. (D.I. 40, 43, 46). In both of Plaintiffs' opposition briefs, they stated that "what state law controls here does not matter." (D.I. 19 at 12; 43 at 12). Spending less than a page on the issue, they asserted that the laws of each Plaintiffs' home state should apply rather than Delaware law. *Id.* at 11. Yet they admitted that "each of these states have basic, overlapping contract principles that apply to this case," and described that the requirements for a valid "shrinkwrap" agreement are the same in each relevant state. *Id.* at 13. Plaintiffs criticized Segway for failing to engage in a choice-of-law

analysis, but they did not actually ask the Court to conduct that analysis. Instead, they argued that Segway's motion should be denied under any state law. *Id.* at 11-12. In fact, Plaintiffs essentially advocated that no conflict existed. They expressly recognized the first step in the analysis was to "compare the laws of the competing jurisdictions," and that "a complete conflict of laws analysis" first required that "an actual conflict exist." *Id.* at 10-11. Still, Plaintiffs disclaimed the need for any such comparison, apparently concluding that an actual conflict did not exist. *Id.* at 11-12.

The Court issued a Memorandum Order on March 10, 2026, in which it applied Delaware law to the issue of contract formation and ultimately ordered the parties to engage in discovery on arbitrability before the Court would issue a final decision on Segway's motion to compel. (D.I. 52 at 5, 7). Plaintiffs did not challenge the Court's application of Delaware law in either a motion for reargument or in its subsequent letter brief regarding the motion to compel. (D.I. 93). Indeed, the phrase "choice-of-law" does not appear in Plaintiffs' July 15, 2026 letter brief at all. *Id.* In that letter, Plaintiffs relied on the Central District of California's decision in *Alaoui* to argue that G30P KickScooter purchasers should not be compelled to arbitrate. *Id.* at 2. However, the four other cases Plaintiffs cited are from the Third Circuit and Eastern District of Pennsylvania. *See generally*, *id.* They did not rely on the law of any state to challenge Segway's motion. *Id.*

The Court issued its final Memorandum Order on Segway's motion to compel arbitration on July 31, 2026. (D.I. 94). The Court once again applied Delaware state law to the issue of contract formation and granted Segway's motion as to G30P KickScooter purchasers. *Id.* at 7. Unsatisfied with this result, Plaintiffs now ask the Court to reconsider its decision and engage in a complex choice-of-law analysis that they have never before requested or performed themselves.

## III. STANDARD OF REVIEW

"Motions for reargument" are to be "sparingly granted." Local Rule 7.1.5(a). "The standard

for obtaining relief under Local Rule 7.1.5 is difficult to meet." *Spinal Generations, LLC v. Depuy Synthes, Inc.*, No. 22-1368-CFC, 2025 LX 632700, at *2 (D. Del. Nov. 26, 2025) (quoting *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 800 F. Supp. 2d 613, 622 (D. Del. 2011)). Reargument "is not properly grounded on a request that a court rethink a decision already made," and "should not be granted if the proponent simply rehashes materials and theories already briefed, argued and decided." *Sentient Sensors, LLC v. Cypress Semiconductor Corp.*, No. 19-1868 (MN), 2021 U.S. Dist. LEXIS 93222, at *2 (D. Del. May 17, 2021) (cleaned up).

"In the Third Circuit, motions for reconsideration 'are generally treated as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.'" *Debbs v. CDK Fund I SPV LLC*, No. 25-205-RGA, 2026 LX 39159, at *3 (D. Del. Feb. 27, 2026) (quoting *United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000)). "The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Accordingly, to succeed, Plaintiffs must show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (cleaned up). They have not done so here.

## IV. ARGUMENT

Plaintiffs ask the Court to reconsider its order compelling arbitration to "correct a clear error of law or fact." (D.I. 96 at 2). Plaintiffs contend that the Court failed to (1) conduct a choice-of-law analysis and (2) consider whether the relevant warranty provided notice of bilateral contract terms and acceptance. *Id.* These arguments fail. First, Plaintiffs' prior disclaimer of a conflict precludes them from raising it now. Second, a conflict analysis would demonstrate that Delaware law applies. Third, no matter which state law applies, the Court correctly compelled arbitration.

### A. Plaintiffs Waived Their Choice-of-Law Argument

Motions for reargument must be "filed within 14 days after the Court issues its opinion or decision." LR 7.1.5(a). Here, that means Plaintiffs' Motion was due months ago on March 24, 2026—14 days after the Court issued its decision stating it would "appl[y] 'Delaware law' since the parties do not raise any 'conflict of law.'" (D.I. 52 at 5). Because Plaintiffs' Motion is months-late, Plaintiffs waived their current challenges and the Court should deny their Motion outright.

Regardless, motions for reargument are inappropriate to rehash issues that "were raised or could have been raised" in the parties' original briefing. *Thomas v. Emig*, No. 23-1069 (GBW), 2025 LX 114765, at *2 (D. Del. June 9, 2025). Here, Plaintiffs attempt to revisit the choice-of-law issue that they superficially acknowledge in opposition to Segway's Motion to Compel Arbitration, declined to develop, considered unnecessary, and then abandoned in their letter brief to the Court.

Plaintiffs contend that the Court misunderstood their choice-of-law argument, but it is difficult to imagine how the Court misunderstood them when the Court quoted Plaintiffs *verbatim* in in its March 10, 2026 Memorandum Order: "Plaintiffs criticize Defendant for not discussing the choice-of-law inquiry, but then assert that 'what state law controls here does not matter' and that each of the state laws potentially at issue 'have basic, overlapping contract principles that apply to this case.'" (D.I. 52 at 5). Plaintiffs expressly argued that the results of the motion should be the same regardless of which law applies, meaning no conflict of law existed and no conflict-of-law analysis was necessary or required. *See Pickering v. Teladoc Health Inc.*, C.A. No. 24-445-RGA-SRF, 2025 U.S. Dist. LEXIS 195159, at *21 (D. Del. Oct. 1, 2025) ("Under Delaware law, the court need only conduct a choice of law analysis where there is an actual conflict of law. If the laws of the two jurisdictions produce identical results, a 'false conflict' exists, and the court may forego a choice of law analysis."). Indeed, the Court acknowledged Plaintiffs' position that

Delaware may not have the most significant relationship to issues in the case but then found that neither side raised a "conflict" in the at-issue laws. (D.I. 52 at 5). Without identifying a conflict, Plaintiffs failed at step one of Delaware's two-step analysis. *Id.* They should not be permitted now—on reconsideration and after Segway conducted discovery understanding Delaware law applies—to recast their position and demand the complicated, full-blown multistate conflicts analysis they previously disclaimed.

More damaging to Plaintiffs' position is that they failed to raise choice-of-law in their most recent submission to the Court on Segway's motion to compel. (D.I. 93). In their letter brief—*and with full knowledge that the Court had already decided "Delaware law" "applies" "since the parties do not raise any 'conflict' of law,"* (D.I. 52 at 5 (emphasis added))—Plaintiffs did not discuss a *single* state's law regarding contract formation and instead relied on five federal cases, four of which were from the Third Circuit. *Id.* In contrast, Segway's letter brief noted the Court's conclusion that the law of the forum applies, and applied Delaware law because the Court already agreed there was no conflict and Delaware law governs the formation analysis.

Having acquiesced to the Court's application of Delaware law, the Court should reject Plaintiffs' attempt to reargue a position they chose not to take earlier. *See New Balance Ath., Inc. v. USA New Bunren Int'l Co. LLC*, No. 17-1700 (MN), 2020 U.S. Dist. LEXIS 170904 (D. Del. Sep. 18, 2020) ("A motion for reargument, however, may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.") (cleaned up). The Court should therefore adhere to its prior determination as law of the case.

### B. A Substantive Choice-of-Law Analysis Would Show Delaware Law Applies

Even if the Court were to conduct a conflict analysis, Delaware law would still govern, and reargument "should never be afforded a litigant if reargument would not result in an amendment

of an order." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).

Applying Delaware's two-step conflicts framework, Plaintiffs identified "basic, overlapping contract principles" and asserted no actual conflict in the contract formation rules of their home states versus Delaware. Instead, their original opposition to Segway's motion to compel arbitration highlighted the similarities between the states' laws. (D.I. 43 at 13) ("each of these states have basic, overlapping contract principles that apply to this case"); *see also id.*, at 13, 15-16, 18-20 (string citing caselaw from various states for the same propositions). The law is clear: absent a demonstrated conflict, Delaware law governs in this District. *Marquinez v. Dole Food Co.*, No. 12-695-RGA, 2020 U.S. Dist. LEXIS 171294, at *9-10 (D. Del. Sep. 18, 2020) (explaining that the forum state's law applies when there is no conflict); *In re Robeson Indus. Corp.*, 178 F.3d 160, 165 (3d Cir. 1999) (courts sitting in diversity "are bound to follow the substantive law of the forum").

Even assuming the existence of a conflict for purposes of the present motion, Delaware has the most significant relationship to the issue before the Court. As an initial matter, Plaintiffs only discuss the facts associated with their underlying causes of action and ignore facts relevant to arbitration. They rely on choice-of-law principles associated with class action and consumer product safety actions to say that their home states have the most significant relationship to the lawsuit. (D.I. 96 at 3-5). But Delaware conflict of law analysis applies on an "issue by issue basis." *Henderson v. Your Kar Express Rentals, Inc.*, 2009 Del. Super. LEXIS 229, at *8-9 n.14 (Del. Super. June 30, 2009); *Lee v. Choice Hotels Int'l, Inc.*, 2006 Del. Super. LEXIS 154, at *7 n.8 (Del. Super. Mar. 21, 2006). The issue here is whether the parties had a valid agreement to arbitrate, which is a question of contract formation specific to the arbitration clause. And the relevant arbitration clause is one that originated with Segway (a Delaware corporation) and applies

regardless of the states in which Plaintiffs reside. Given that Segway's KickScooters were sold across the United States, "it would clearly desire as much uniformity as possible in the interpretation of its [arbitration agreement]." *Edelist v. MBNA Am. Bank*, 790 A.2d 1249, 1256 (Del. Super. Ct. 2001). Segway chose to incorporate in Delaware, meaning it expected the laws of Delaware to apply to its agreements. *See id.* (applying Delaware law to arbitration clause when the defendant "chose Delaware [as its state of incorporation], in large part, for its laws concerning credit card accounts"). Further, Plaintiffs Holmes and Sabu filed their case in Delaware, the Court consolidated Plaintiffs' related actions in the District of Delaware, and the Court proceeded to decide the arbitration motion in this forum. As such, Delaware has the most significant relationship to the question of contract formation.

### C. Regardless of the Applicable Law, the Court Should Compel Arbitration

Even acknowledging some doctrinal nuances across states, the standards for finding an agreement to arbitrate lead to the same result: arbitration must be compelled for G30P purchasers.[1]

Plaintiffs' reliance on *Alaoui* is misplaced. Not only is that decision on appeal, but in that case, unlike here, the court did not have the benefit of arbitration-related discovery. Instead, the court sustained (inappropriately) objections to portions of the supporting testimony and then found notice insufficient because, "in light of [other] evidence proffered," the court was "not certain that a purchaser in Plaintiff's position would see the reference to an arbitration agreement" on the box's sticker. *Alaoui v. Segway Powersports, Inc.*, No. 5:25-cv-01659-SSS-SPx, 2026 LX 204520, at

[1] Plaintiffs assert that the Court should apply California and New York law. But they do not discuss New York law in their brief. The Court should reject Plaintiffs' invitation without necessary support. Regardless, New York law would lead to the same result. *See Glover v. Bob's Disc. Furniture, LLC*, 621 F. Supp. 3d 442, 449 (S.D.N.Y. 2022) (explaining that inquiry notice is all that is required for an enforceable arbitration agreement); *Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 102 n.5 (E.D.N.Y. 2015) (acknowledging enforceability of shrinkwrap agreements).

*7-8 (C.D. Cal. June 5, 2026). The court did not find that the sticker was insufficient based on undisputed facts, but rather that it was "unclear where it is located" and that notice was insufficient because of the sticker's "ambiguous placement." *Id.* at *8. Comparatively, sticker placement is not ambiguous here, and plaintiffs admit they received their KickScooters in the original packaging, which would have contained the arbitration agreement. (D.I. 87, ¶¶ 17-18, 30-31, 43).

The *Alaoui* court also noted the plaintiff's self-serving testimony that he did not see the notice sticker. 2026 LX 204520, at *8. Even under California law, that fact is irrelevant. The question is not whether plaintiff had actual notice but whether "a reasonable person in … Plaintiff's position would have known about the arbitration provision …" *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 298 F. Supp. 3d 1285, 1293 (N.D. Cal. 2018). In *Samsung*, the court found that an arbitration agreement was enforceable because the box of each smartphone explicitly informed each plaintiff that they were subject to the terms and conditions in a guidebook, including arbitration. *Id*. at 1294-95. So too here, the G30P KickScooter's packaging and unboxing process gave Plaintiffs explicit notice of the arbitration agreement. Plaintiffs' reliance on *Alaoui* for the opposite conclusion is therefore misplaced.

Further, notice of the arbitration clause did not need to alert Plaintiffs that the agreement was a bilateral contract. Plaintiffs' cases discussing bilateral contract terms indicate that bilateral terms would be sufficient, but are not necessary, for a consumer to be bound by an arbitration agreement. *See Noble v. Samsung Elecs. Am., Inc.*, 682 F. App'x 113, 116 (3d Cir. 2017) ("there was no indication on the outside of the Guide that it was a bilateral contract *or* included any terms or conditions") (emphasis added); *Vasadi v. Samsung Elecs. Am., Inc.*, No. 21-10238-WJM-AME, 2021 U.S. Dist. LEXIS 228899, at *27 (D.N.J. Nov. 29, 2021) (quoting *Noble* for the same proposition); *see also Norcia v. Samsung Telcoms. Am., LLC*, 845 F.3d 1279, 1290 (9th Cir. 2017)

(discussing notice of arbitration clause generally but not "bilateral" contract terms); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 298 F. Supp. 3d at 1294 (discussing *Norcia*'s notice decision but not "bilateral" contract terms); *Kaufman v. Am. Express Travel Related Servs. Co.*, 2008 U.S. Dist. LEXIS 18129 (N.D. Ill. Mar. 7, 2008) (applying Illinois law) (explaining that instructing readers to "see Terms and Conditions" was "*likely* to be afforded more weight than 'information' by the average consumer") (emphasis added). Indeed, acceptance of an arbitration agreement by performance "is the essence of a *unilateral* contract." *Mkritch Daibyan v. Citibank, N.A.*, No. CV 23-09962-MWF (Ex), 2025 LX 45004, at *6 (C.D. Cal. May 7, 2025) (quoting *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 782 (9th Cir. 2012)) (emphasis added).

Finally, although California law does not find silence alone to constitute assent to an arbitration agreement, consumers assent if they had notice of the arbitration agreement, and a reasonable person with such knowledge would have known that continued use of the product constituted acceptance of the contract. *Wheeler v. LG Elecs., USA, Inc.*, No. 1:22-cv-00459-NODJ-BAM, 2024 U.S. Dist. LEXIS 2029, at *24 (E.D. Cal. Jan. 3, 2024). Here, not only did Plaintiffs have notice of the arbitration agreement, which a reasonable person would have known they needed to reject, but the arbitration clause also contained an explicit procedure for opting out of the agreement. (D.I. 41 at 59). Plaintiffs failed to do so, thereby manifesting their assent. (D.I. Def. 87 Nos. 37, 45). None of Plaintiffs' cases require a different conclusion, because they all explain that notice is sufficient if the product packaging or arbitration clause describes what constitutes acceptance. *See* (D.I. 96 at 9-10) (collecting cases).

## V. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for reargument as to the Court's July 31, 2026 Memorandum Order.

Dated: August 17, 2026

By: /s/ Alessandra Glorioso

Alessandra Glorioso (DE Bar No. 5757)
DORSEY & WHITNEY LLP (DELAWARE)
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone: (302) 425-7171
Fax: (302) 425-7177
Email: glorioso.alessandra@dorsey.com

Adam C. Buck (*pro hac vice*)
DORSEY & WHITNEY LLP
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
Telephone: (901) 933-7360
Email: buck.adam@dorsey.com

Kirk Schuler (*pro hac vice*)
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 4100
Des Moines, IA 50309
Telephone: (515) 697-3622
Email: schuler.kirk@dorsey.com

Anna Boyle (*pro hac vice*)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 492-6639
Email: boyle.anna@dorsey.com

*Attorneys for Defendant Segway Inc.*

**CERTIFICATE OF SERVICE**

I, Alessandra Glorioso, hereby certify that on August 17, 2026, a true and correct copy of the foregoing was served on the following through the Court's CM/ECF system:

R. Grant Dick IV, Esquire
Kevin D. Levitsky, Esquire
Cooch and Taylor P.A.
1000 N. West Street, Suite 1500
Wilmington, DE 19801
(302) 984-3800
gdick@coochtaylor.com
klevitsky@coochtaylor.com

Yeremey O. Krivoshey, Esquire
Smith Krivoshey, PC
28 Geary Street, Suite 650 # 1507
San Francisco, CA 94108
(415) 839-7077
yeremey@skclassactions.com

Joel D. Smith, Esquire
Smith Krivoshey, PC
867 Boylston Street, 5th Floor #1520
Boston, MA 02116
(617) 377-7404
joel@skclassactions.com

Kevin Laukaitis
Laukaitis Law LLLC
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
(215) 789-4462
klaukaitis@laukaitislaw.com

Mason A. Barney
Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
(212) 532-1091
mbarney@sirillp.com

/s/ *Alessandra Glorioso*
Alessandra Glorioso (DE Bar No. 5757)